[No. 4,177.]

## JAMES WELCH *v.* MICHAEL KENNEY.

DISMISSAL OF APPEAL.—If the appellant has failed to file the transcript on appeal within the time required by Rule 2, and notice of a motion to dismiss the appeal is served on him, the subsequent filing of the transcript will not, of itself, cure the default so as to defeat the motion to dismiss.

IDEM.—If there are circumstances which excuse the failure to file the transcript, they must be shown by affidavit at the time the motion to dismiss is made, and cannot be heard after the motion to dismiss has been granted, on a motion to set aside the order dismissing the appeal.

APPEAL from the District Court of the Nineteenth Judi-cial District, City and County of San Francisco.

The plaintiff recovered a judgment, from which the defendant appealed; and on motion of the plaintiff, the appeal was dismissed for failure to file the transcript within the time required by Rule 2 of the Supreme Court. The defendant subsequently moved to set aside the order dismissing the appeal, filing in support of the motion the affidavit referred to in the opinion.

*M. G. Cobb,* for the motion.

*G. W. Tyler,* contra.

By the Court, WALLACE, C. J.:

On January 31st, 1874, notice was personally served upon the attorney for the appellant, that upon the fifth of February following, the counsel for respondent would move this Court to dismiss the appeal perfected on December 9th, 1873, on the ground that the transcript on appeal had not been filed here within the time limited by the second rule of practice. When the notice was served, the time prescribed by the rule for filing the transcript had expired in point of fact, and the transcript had not been filed. It was suggested at bar, at the hearing of the motion, however, that on the fourth of February next after the service of the notice, the appellant had deposited the transcript in the ex-

press office at San Francisco, for the purpose of its transmission to the clerk of this Court. The motion to dismiss the appeal was thereupon taken under advisement, and on the next day (February 6th) an order was entered here dismissing the appeal.

It is settled here, under the third rule of practice, that when default of this character has occurred, and notice of motion to dismiss the appeal has been already actually served, the subsequent filing of the transcript here will not, of itself, cure the default, or bar the relief sought by the motion. Circumstances, if any, going to excuse the apparent default, must, in such case, also be shown by the appellant, the sufficiency of which circumstances must be determined by the Court.

In this case, since the entry of the order dismissing the appeal, an affidavit, sworn to on the sixteenth day of February, has been placed before us by the appellant, which sets forth the circumstances which, in his opinion, excused the failure to file the transcript within the time required by the second rule referred to; and upon this affidavit we are now asked to set aside the order dismissing the appeal. But we cannot now consider the sufficiency of those circumstances in themselves to excuse the default of the appellant. The affidavit might have been pertinent enough had it been presented at the hearing of the original motion to dismiss the appeal, but it was not then presented. The counsel for the appellant had received personal notice that the motion would be made on the fifth of February, and, in failing to present the affidavit at that time, he has apparently committed a further default in the conduct of the cause, for the affidavit does not attempt to set forth any matter by which the counsel was prevented from presenting it at the hearing of the motion to dismiss the appeal.

The motion to set aside the order dismissing the appeal must therefore be denied, and it is so ordered.

Neither Mr. Justice NILES, nor Mr. Justice McKINSTRY, expressed an opinion.