M. A. BALDWIN *vs.* CHARLES F. ROGERS, impleaded, etc.

June 3, 1881.

**Appeals—Reinstatement after Dismissal.**—This court has power to relieve an appellant, and reinstate an appeal where it has been dismissed, under Gen. St. 1878, *c.* 86, § 21.

Order to show cause why an order, entered by the clerk of this court, under Gen. St. 1878, *c.* 86, § 21, dismissing the appeal in this action, should not be vacated, and Anna E. Baldwin, administratrix of the respondent, M. A. Baldwin, deceased, substituted as respondent.

The return on the appeal of defendant Rogers was filed on February 14, 1881. On February 23, 1881, the respondent, M. A. Baldwin, died, and on May 3, 1881, on the affidavit of Anna E. Baldwin, showing the death of respondent, her appointment as his administratrix and that sixty days had elapsed since his death, and that appellant had not caused her to be substituted as respondent, the appeal was dismissed, by the clerk, under Gen. St. 1878, *c.* 86, § 21.

*Stocker & Matchan* and *Lloyd Barber*, for appellant.

*Hahn & Benedict* and *Gordon E. Cole*, for the administratrix.

GILFILLAN, C. J. Motion to reinstate an appeal, dismissed under Gen. St. 1878, *c.* 86, § 21, for the reason that, the respondent having died, the appellant failed, for sixty days after the death, to cause the legal representative of respondent to be substituted as respondent. It is claimed that we have no power to relieve a party in such a case; that the statute is imperative and inflexible. The provision is to be regarded as a rule of practice for the conduct of appeals. As such we have the same control over it as over any other statutory rule of practice. As to all other matters of practice, the power given the court to relieve against errors, omissions and mischances, by Gen. St. 1878, *c.* 66, §§ 79, 124, 125, is ample and sufficient to cover this case. But it is objected that the provisions of chapter 66 apply only to actions in the district court, and therefore do not affect the practice in or powers of this court. It is true that most of the provisions of that chapter apply only to the action while in the district court,

because they cannot be applied except in that court.   But there are other provisions which are clearly intended to apply, and which are equally applicable, in any stage of an action, whether pending in that court or in this.   If section 21, chapter 86, were imperative without any power in this court to relieve, and an appellant, on the death of the respondent, must lose his right to be heard in this court because he does not, within sixty days from the death, procure a substitution to be made, whether the omission be from his fault or from his inability to do so, it would be difficult to sustain its constitutionality.   But we have no doubt of our power to afford relief in a proper case.   The excuse given by appellant is somewhat scant, but we think it is sufficient.

The order dismissing the appeal is vacated, and the appeal reinstated, and Anna E. Baldwin (the administratrix) substituted as respondent in place of deceased.