# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF DAKOTA TERRITORY.

---

WALLACE ET AL., Respondents, *v.* STUTSMAN COUNTY, Appellant.

1. **Taxes, Action to Recover Back — When Maintainable.**

   Under § 78, chap. 28, Pol. C., providing that "when, by mistake or wrongful act of the treasurer, land has been sold on which no tax was due at the time, the county is to save the purchaser harmless by paying him the amount of principal and interest to which he would have been entitled had the land been rightfully sold." *Held,* that where the treasurer sold land not subject to taxation (property of the United States) the county was liable to the purchaser for the amount paid and the statutory interest, thirty per cent per annum. TRIPP, C. J., dissenting.

2. **Appeal — Practice — Rehearing, Jurisdiction to Grant.**

   Where the *remittitur* has been sent to and filed in the court from which the appeal was taken, without fraud or mistake, the supreme court has no jurisdiction to grant a rehearing.

   (Argued and determined at the May Term, 1887.)

APPEAL from the district court, Stutsman county; Hon. W. H. FRANCIS, Judge.

This was an action by Chas. S. Wallace and Jas. M. Martin, as assignees of Daniel H. Wallace, plaintiffs, against Stutsman county, to recover back money paid on account of certain tax sales. After the issues had been made up the case was submitted to the court on an agreed state of facts, upon which it rendered judgment in favor of the plaintiffs. It appeared from these facts that the lands sold had, while a part of the public domain, been

granted to the Northern Pacific Railroad Company on certain conditions, which, prior to March, 1886, had not been complied with; that the sales were made to Chas. S. Wallace, one of the plaintiffs, for taxes for the years 1880 and 1882, and that there was a payment by him of taxes on the land for the year 1881 to protect his purchase for 1880; that in August and September, 1886, the district court of that county, at the suit of the Northern Pacific Railroad Company against the county treasurer and said Chas. S. Wallace, had entered decrees perpetually enjoining the treasurer from issuing tax deeds to any one on account of said sales, from which decrees no appeals had ever been taken; that in 1886, said Chas. S. Wallace assigned his tax certificates to the plaintiff, Jas. M. Martin, as assignee of Daniel H. Wallace, to pay certain debts, the surplus, if any, to be returned to said Chas. S. Wallace; that in September, 1886, the plaintiffs tendered to the board of county commissioners of said Stutsman county the tax certificates issued by its treasurer, and offered to surrender them on the payment of the amounts paid and thirty per cent interest per annum, from the dates of the payments; that the defendant refused to pay the same or any part thereof; that none of the lands had ever been redeemed from said sales, or from the taxes subsequently paid.

It was conceded in this court, by the county, that 'the lands sold for taxes were not subject to taxation during the period involved in this case.

The court as conclusions of law found that no taxes were due on the lands that had been sold; that the lands had been sold by the mistake and wrongful act of the treasurer, and that the plaintiffs were entitled to recover from the defendant the amounts that had been paid, with thirty per cent interest per annum from the date of the payments, and entered judgment against the county, April 13, 1887, for $35,825.13, whereupon the defendant appealed.

Section 78, chapter 28, so far as applicable, will be found stated in the head-note. Persons entitled to redeem from tax sales were required to pay the bid and thirty per cent interest thereon per annum from the date of the sale and, also, any other taxes the purchaser had paid on the property, with like interest.

*Roderick Rose*, for appellant.

In the absence of statutory provisions the rule of *caveat emptor* applies to purchasers at tax sales. Cooley (2d ed.), 476; 2 Desty, 580; City v. Humphry, 84 Ind. 467; Hamilton v. Valient, 30 Md. 139; Lynde v. Melrose, 10 Allen, 49; Sullivan v. Davis, 29 Kan. 28; Lyon v. Goddard, 22 id. 389; Jenks v. Wright, 61 Pa. St. 410; Rice v. Auditor, 30 Mich. 12; Packard v. New Limerick, 34 Me. 266; Loomis v. Los Angeles, 59 Cal. 456; Mc-Whinney v. Indianapolis, 98 Ind. 182; Hyde v. Supervisors, 43 Wis. 129; Hilgenberg v. Board, 8 N. E. Rep. 294; Cogburn v. Hunt, 56 Miss. 718; Goodman v. Sanger, 91 Pa. St. 71; Worley v. Town, 11 N. E. Rep. 227; Blackwell (3d ed.), 49; Sonoma County Tax Case, 13 Fed. Rep. 789.

In any event respondents could not recover back more than the bid and interest from the demand. Burrows, Taxation, 442; Vermont C. R. R. Co. v. Burlington, 28 Vt. 193; Slack v. Norwich, 32 id. 318; Matheson v. Mazomania, 20 Wis. 191; Noyes v. Haverill, 11 Cush. 338; Look v. Industry, 51 Me. 375; Boston Glass Co. v. Boston, 4 Metc. 181.

By section 78, chapter 28, the legislature never intended to provide a remedy to recover back taxes on lands which it forbid to be taxed. Dwarris, Statutes, 143. Again, this was not a mistake of the treasurer, but the assessor. It was the treasurer's duty to collect the tax. §§ 40, 41, 45, 95, 96, 62, 84, 89, 67, 37, 26, 57, chap. 28, Pol. C.

*Dodge & Camp* and *J. S. Watson*, for respondents.

By section 78, chapter 28, the county is to hold the purchaser harmless if the lands are sold by mistake or wrongful act. We contend: 1. The act of selling was a mistake of fact in the treasurer's supposing the grantee had performed all the conditions, when it had not. 2. The act of selling was a wrongful act within the meaning of this section. 3. Respondents had a remedy at common law, the entire consideration having failed. On the first two points, see §§ 888, 889, 2097, C. C.; Sedg. Const. Stat. 220; 3 Blackstone, 2; Kerr, Fraud & M. 396; Story Eq. 110; East I. Co. v. Neave, 5 Ves. 173; Hastie v. Couluvier, 9 Exch. 102; Cham-

plin v. Laytin, 18 Wend. 407, 31 Am. Dec. 382; Shotwell v. Murray, 1 Johns. Ch. 512. If the treasurer's duties were purely ministerial and he sold property over which his principal had no jurisdiction, his act is wrongful. Story, Agency, §§ 305, 307, 308; Barns v. Foley, 5 Burr. 2711; Tracy v. Swartout, 10 Pet. 80; Ripley v. Galeston, 9 Johns. 201. In view of sections 62 and 52 a discretion is conferred. Presumptively the mistake is one of fact. Jenks v. Fritz, 2 W. & S. 201, Kerr, 405; Black v. Ward, 15 Am. Rep. 162; Cooper v. Phibbs, 15 W. R. 1053; Commissioners v. Young, 18 Kan. 440. Here, it matters not the kind of mistake. Northrop v. Graves, 50 Am. Dec. 264. The statute with its acceptance by the act of purchase constitutes a contract, and a plea of *caveat emptor* or mistake of law will not avail. Corbin v. Commissioners, 1 McCrary, 521; State v. County, 15 N. W. Rep. 375; Commissioners v. Young, 18 Kan. 440; Henry v. Town, 15 Vt. 460; Saulters v. Town, 35 id. 351; Bredin v. Commissioners, 87 Pa. St. 441; Roberts v. Adams, 25 N. W. Rep. 726, 30 id. 405; Norton v. Supervisors, 13 Wis. 684. Chapman v. City, 40 N. Y. 372; People v. Chapin, 5 N. E. Rep. 64; Marsh v. Supervisors, 42 Wis. 355; McCann v. Otoe, 9 Neb. 324; Morris v. County, 42 Ia. 416; Cooley, 370.

Under section 78 respondents are entitled to the same interest as they would have been had the lands been rightfully sold.

Under the facts here presented respondents could recover at common law as for money paid for a consideration that had failed. Norton v. Supervisors, *supra;* Chapman v. City, *supra;* Gillett v. Hartford, 31 Conn. 356; Slack v. Norwich, 33 Vt. 818; Preston v. City, 12 Pick. 7; Boston S. G. Co. v. Boston, 4 Metc. 181; Dow v. Boston, 6 Gray, 131; Joyner v. Third School Dist., 3 Cush. 567; Shaw v. Becker, 7 id. 442; Saulters v. Victory, 35 Vt. 357; Commissioners v. Young, 18 Kan. 440; Northrop v. Graves, 19 Conn. 548, 50 Am. Dec. 264; Culbreath v. Culbreath, 7 Ga. 64, 50 Am. Dec. 375; Moses v. Macfarland, 2 Burr. 1005; Black v. Ward, 27 Mich. 191, 15 Am. Rep. 162; Thompson v. Roe, 22 How. 422. Section 73, chapter 28, requires no examination of the title by the purchaser, it guarantees it.

The right of recovery, however, is secured by section 78. If the lands were not liable to taxation, clearly their sale was a mis-

take or a wrongful act. The section has a two-fold purpose — to secure the purchaser and promote public interest.

By the COURT:

The judgment in this case is affirmed. All of the justices concur, except TRIPP, C. J., who dissents.

REPORTER: —At the February Term, 1888, the October Term, 1887, not having been held, the appellant made a motion for a rehearing. It appeared that the *remittitur* had been sent down and filed in the court below, thereupon the court made the following order:

The motion for a rehearing in this case is denied on the ground that this court, after the filing of the *remittitur* in the lower court without allegation of inadvertence, fraud or mistake, has lost jurisdiction. All the justices concurring.