(February 18, 1895.)

## JACOBS v. SHENON.

[39 Pac. 193.]

MOTION TO REINSTATE CAUSE AFTER DISMISSAL—COMES TOO LATE AFTER MOTION TO DISMISS HAS BEEN HEARD AND ALLOWED.—Upon a motion to dismiss an appeal by reason of failure of appellant to comply with the rules of the court with reference to filing and service of transcript and briefs, affidavits tending to excuse such laches must be presented on the hearing of the motion, where notice of the hearing has been served on appellants. It is too late to present such affidavits on a motion to reinstate the cause after motion to dismiss has been heard and allowed.

To REINSTATE UPON CALENDAR MERIT SHOULD BE SHOWN.—Upon a motion to reinstate a cause upon the calendar once dismissed, the affidavit should show apparent merit.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

F. E. Ensign, for Appellant, files no brief on motion to reinstate cause upon the calendar.

R. P. Quarles, for Respondent.

The transcript not being served and filed within the time, and in the manner required by said rules, the law controlling the questions at issue, the motion to reinstate this appeal should be denied. The showing is not sufficient, and the negligence of the attorney for appellant is no sufficient reason. (*Fahey v. Belcher,* 3 Idaho, 355, 29 Pac. 112.) Appellant has no right now to be heard, notice of motion to dismiss having been served upon him. His showing, if he could make one, should have been made in opposition to the motion to dismiss, and he is estopped by the order dismissing and now has no right to be heard. (*Welch v. Keeney,* 47 Cal. 414; *Heinlen v. Railroad Co.,* 65 Cal. 304, 4 Pac. 15.) If the dismissal of appeal in this cause had been procured without notice to adverse party, then in order to be entitled to reinstate, good excuse for delay must be shown with proof of merit of appeal, and that same is taken in good faith. (*Hager v. Meade,* 25 Cal. 599.)

Action by Philip Shenon against Martin H. Jacobs. Judgment for plaintiff, and defendant appeals. Appeal dismissed. Motion to reinstate denied.

On November 10, 1894, attorney for respondent placed on file a notice to attorney for appellant that, on a day therein named, he would move the court to dismiss the appeal, for the reason that no copies of either transcript or briefs have been served upon the respondent or upon his attorney within the time required by the rules of the supreme court. Copies of the said notice of motion and affidavits in support of the motion were served upon the counsel for appellant on November 24, 1894. On the latter date the cause was continued for the term, and the motion to dismiss was set for hearing on the first day of the next term, and notice of this order was also sent appellant's attorney on November 24, 1894, by the clerk of this court. Court convened on January 14, 1895. Counsel for respondent appeared to press the motion for dismissal, coming from Pocatello for the purpose—a distance of two hundred and fifty miles. Attorney for appellant did not appear. The hearing was delayed two days, awaiting his appearance. Appellant's attorney then appeared. The motion was heard upon affidavits presented by respondent and arguments of counsel, and the cause dismissed. On January 17, 1895, appellant moved the court to reinstate cause, and presented, in support thereof, affidavit of himself, averring that he had mistaken and misunderstood the rules of the court.

MORGAN, C. J. (After Stating the Facts).—This affidavit, showing mistakes of attorney in regard to rules of the court, if of any force at any time, should have been presented to the court on the hearing of the motion to dismiss appeal. It comes too late in support of a motion to reinstate. The case of *Welch v. Kenney,* 47 Cal. 414, is in point. In that case the transcript was not filed in time, the appeal was dismissed, and appellant made a motion to set aside the order of dismissal, and filed affidavit of facts tending to show excuse for the default of appellant. The court says that, if there are circumstances which excuse the default, they must be shown by affidavit at the time the motion to dismiss is made, and cannot be

heard after the motion to dismiss has been granted, and on a motion to set aside the order of dismissal. There should also be an affidavit or some showing of merits in the appeal. In *Hagar v. Mead,* 25 Cal. 599, the court says that, on motion to reinstate cause once dismissed by reason of laches in filing of transcript under the rules, the affidavits should show that in the opinion of counsel, at least, there are substantial errors in the record, which ought to be corrected by this court. In the case at bar no effort is made to show that there is any apparent error in the trial or hearing of the cause in the court below. We think, in order to reinstate an appeal once dismissed, the appellant should show such a condition of the record as would indicate that there was apparent error in the proceedings of the lower court. No effort is made to do so.

This cause was before the supreme court on another appeal (*Jacobs v. Shenon,* 3 Idaho, 274, 29 Pac. 44), from a trial had therein in the court below; and, upon an examination of the transcript in the original appeal and the transcript now brought up, there seems to be no error appearing in the latter. The motion to reinstate must be denied, and it is so ordered. Costs awarded respondent.

Sullivan and Huston, JJ., concur.