(117 N. W. 525.)

---

G. B. NYSTROM *v.* CHARLES F. TEMPLETON, JUDGE OF THE FIRST JUDICIAL DISTRICT.

Opinion filed July 17, 1908.

**Writ of Prohibition — Vacating Judgment.**

1. On the facts disclosed by the record, application for a writ of prohibition is denied.

**Appeal and Error — Remittitur — Loss of Jurisdiction.**

2. Where a remittitur has been regularly issued and transmitted to the district court, the appellate court has lost jurisdiction; but, when irregularly, inadvertently, or erroneously issued, such court does not lose jurisdiction, but may recall for the purpose of correcting any error or mistake.

Application by G. B. Nystrom for writ of prohibition to Charles F. Templeton, Judge of the First Judicial District.

Writ denied.

*B. G. Skulason,* for appellant.
*Scott Rex,* for defendant.

SPALDING, J. This is an application for an alternative writ of prohibition, having for its purpose the restraining of the judge of the First judicial district from vacating or setting aside a certain judgment of the district court in and for Nelson county in an action pending therein in which one G. B. Nystrom is the plaintiff and John Lee the defendant. The facts necessary to an understanding of the application are as follows:

On an appeal from a judgment of the district court in the case of Nystrom v. Lee, 16 N. D. 561, 114 N. W. 478, this court reversed the judgment and granted a new trial for the purpose of assessing the damages, but granted no new trial on the main contention of the parties. The clerk of this court inadvertently notified counsel for the defendant that a new trial of the case was ordered. This notice was erroneous, in not stating that a new trial was only granted as to one issue, and that a minor one. Counsel for the defendant was thereby misled, and, supposing a new trial was granted on all issues, made no application for a rehearing, and only learned of the mistake after the remittitur had been received from this court by the clerk of the district court. Judgment was immediately entered in the district court in conformity with the order of this court, without giving defendant's counsel notice or time to apply for a recall of the remittitur to enable him to submit an application for a rehearing. Counsel for the respondent made application to the district court to have the judgment so entered vacated, for the purpose of enabling him to apply to this court for a recall of the remittitur and a rehearing. That court has not taken final action upon such application; but, doubtless upon an intimation from this court that it would be glad to entertain an application for a rehearing, it indicated to the parties that it would vacate the judgment, but, as plaintiff contended that that court had no power to do so, he was allowed an opportunity to apply to this court for this writ.

It is well established that, where a remittitur has been regularly issued and transmitted to the district court, the appellate court has lost jurisdiction; but the cases are uniform, so far as we are able to examine them, to the effect that a remittitur irregularly, inadvertently, or erronously issued does not deprive the appellate court of jurisdiction, and it may recall the remittitur, after it has been

sent down and filed, for the purpose of correcting any error or mistake, and that where the mistake is on the part of the clerk, and not discovered until after the remittitur was issued and filed, this court does not lose jurisdiction. It is held in Rowland v. Kreyenhagen et al., 24 Cal. 52, that the jurisdiction of the appellate court cannot be divested by an irregular or improvident order; that in contemplation of law an order obtained upon a false suggestion is not the order of the court, and may be treated as a nullity; and if, under color of such an order, the proceedings have in part found their way back to the court below, yet in law they are considered as still pending in the appellate court, and that court may take such steps as may be necessary to make the fact and law agree. See, also, Vance et al. v. Pena et al., 36 Cal. 328, and note to Legg. v. Overbagh (N. Y.) 21 Am. Dec. 121. It was the error of this court in the notice given counsel that prevented him from making application for a rehearing. The proceedings to remedy it may not in all. respects have been exactly regular; but the party prejudiced by the inadvertence of an officer of this court should not suffer thereby, and we feel that we are justified in denying this application and permitting the district court to use its discretion in the premises.

We are not making any intimation as to the merits which may be disclosed by any application for rehearing which may be made; but it seems just and proper that the party who was misled by the notice should have the opportunity to fairly present his points and convince the court that a rehearing should be granted, if he is able to do so, and to make application for the recall of the remittitur. See Franklin Bank Note Co. v. Mackey, 158 N. Y. 683, 51 N. E. 178. All concur.

FISK, J., disqualified. HON. CHAS. A. POLLOCK, Judge of the Third judicial district, sitting by request.