# STATE v. SUND.

(140 N. W. 716.)

**Appeal — record — transmission — notice — brief and abstract — filing — time — merits.**

1. Appellant failed to transmit the record on this appeal to this court. Notice was served on him, requiring him to do so within twenty days. He failed to have the record transmitted or abstract or brief filed or served; whereupon a motion was made to dismiss the appeal. This court granted the motion unless defendant filed the record here, and filed and served abstract and brief not later than March 1, 1913. Subsequent to March 1st another application was made for an extension of time in which to do these things, and denied. Defendant is again before this court, asking an extension of time for the purposes stated. On a brief review of the circumstances stated in the opinion, it is *held*, that defendant is not in position to ask favors from this court, particularly

in view of the fact that on the former applications the one point on which he relied for a reversal was considered and found to be without merit.

**Remittitur — filed — review — jurisdiction.**

2. When a remittitur has gone down from this court, and has been filed in the trial court, under all ordinary circumstances this court has lost jurisdiction of the case, and cannot review its decision.

Opinion filed March 29, 1913.

Application for an order granting further time in which to file the record and serve and file abstract and brief.

Denied.

*George M. Price,* Langdon, for motion.

*G. Grimson,* State's Attorney, Langdon, and *Alfred Zuger,* Assistant Attorney General, *contra.*

SPALDING, Ch. J.   The defendant was convicted of the crime of embezzlement, in the district court of Cavalier county, about the middle of July, 1912, and about the 22d day of July, 1912, perfected an appeal to this court from the judgment.   On December 3, 1912, the state served notice upon counsel for appellant, notifying and requiring him to file with the clerk of this court the record on appeal in this action within twenty days after the date of said service, and that in case of his failure so to do the state would apply to the supreme court for an order dismissing such appeal for failure to file the return as required by law, and for want of prosecution.   Appellant failing to file the return, the state duly submitted a motion, on the 3d day of February, 1913, for an order of this court dismissing such appeal and affirming the judgment of the district court sentencing said defendant. On said 3d day of February, 1913, the defendant appeared by counsel and opposed the granting of the state's motion, setting forth by affidavit various matters claimed to excuse his failure to transmit the record and prosecute his appeal.

On due consideration this court, on the same day, entered an order dismissing the appeal unless the defendant should cause the record thereon, together with abstract and brief, to be filed in this court and served on counsel for the state not later than March 1, 1913; and providing that, on such filing and service, the cause should stand for argument at

the April, 1913, term. The defendant failed to take advantage of the
extension thus given him, by complying with the terms of the order,
and on the 5th day of March, 1913, he submitted a motion for a further
extension of time in which to transmit the record, and file and serve
abstracts and brief. This motion was, on the same day, denied, and the
remittitur was transmitted on the 10th of March, 1913. Appellant
again appeared before this court, on the 21st day of March, 1913, and
renewed the motion of March 5th for a further extension of time for
the purpose above stated. Counsel for the state and the attorney gen-
eral's office appeared in opposition thereto.

The court has carefully considered the extensive showing made by
appellant. It would unduly extend this opinion to recite even the sub-
stance of such showing. We only need say that it discloses the fact
that the defendant departed from this state and took up his residence in
Minnesota, without informing his counsel of that fact, and that he ap-
pears to have taken no precautions to keep advised regarding the pro-
gress of his litigation, and did not instruct his counsel where to reach
him in case of need; and that, at least in part, the failure to prosecute
the appeal has been occasioned by his counsel being unable to reach him
promptly. The grounds alleged also include the engagement of his
counsel on other imperative duties and serious illness of counsel, as
well as the failure of the stenographer of the district court to speedily
transcribe the record. Counsel takes upon himself much of the re-
sponsibility for the delay; but, after carefully examining the showing
made by both sides, we are satisfied that counsel served his client dili-
gently and faithfully, and that the defendant himself is the one re-
sponsible for the failure to transmit the record in accordance with the
original order of this court. Had he kept his counsel advised of his
whereabouts, and had he not departed from the state, he would have
been in position, on the first and second applications, to have asked for
leniency.

All these things were considered on the former applications. The
basis for the appeal was also considered. We were advised by counsel
for appellant that he relied for a reversal on the form of an allegation
or recital of the information. The imperfection, if it existed, was large-
ly technical in its character. We then examined authorities on the
subject, and became satisfied that there was no merit in the assignment

of error on which appellant relied, and this fact had much influence upon our decision last made.

There, however, on this application, arises another question which did not exist on the submission of the former applications. The remittitur was transmitted by the clerk of this court on the 10th day of March, 1913, and in due course must have reached the trial court long before this application was submitted, and if so this court is no longer possessed of jurisdiction over the case, and has no lawful power to review its prior orders in the absence of fraud in securing the transmission of the remittitur, or mistake, or inadvertence in transmitting it. There must be an end to litigating a question, at some point of time, and if this court was at liberty to review and re-review and review again its decisions in the same cause in which they were made, our time could be fully occupied in the reconsideration of questions supposed to have been long since settled, without taking up new litigation. This question has been passed upon by other courts. We call attention to a few of the authorities. Leese v. Clark, 20 Cal. 388, in which, in an opinion written by Chief Justice Field, this question was discussed at length, and it was held that the court cannot recall a case and reverse its decision after the remittitur is issued; that it has determined the principles of law which shall govern, and having thus determined, its jurisdiction in that respect is gone. And the court said: "The supreme court has no appellate jurisdiction over its own judgments; it cannot review or modify them after the case has once passed, by the issuance of the remittitur, from its control." "The court cannot recall the case and reverse its decision after the remittitur is issued."

To the same effect see: Blanc v. Bowman, 22 Cal. 24; Herrlick v. McDonald, 83 Cal. 506, 23 Pac. 710; Richardson v. Chicago Packing & Provision Co. 135 Cal. 311, 67 Pac. 769; Frazer v. Western, 3 How. Pr. 235; Latson v. Wallace, 9 How. Pr. 334; Legg v. Overbagh, 4 Wend. 189; Delaplaine v. Bergen, 7 Hill, 591; Martin v. Wilson, 1 N. Y. 240; Dresser v. Brooks, 2 N. Y. 560. Some of the above authorities fix the time when this court loses jurisdiction at the time when the remittitur is issued, and others at the date of filing in the trial court.

As to exceptions to this rule consult: Nystrom v. Templeton, 17 N. D. 463, 117 N. W. 473; Hanson v. McCue, 43 Cal. 178; Trumpler v. Trumpler, 123 Cal. 248, 55 Pac. 1008.

We hold that when a remittitur has gone down, and has been filed in the trial court, this court, except under extraordinary circumstances, has lost jurisdiction of the case, and cannot review its decision.

The application is denied.