# OSCAR S. HILMEN v. TOBIAS NYGAARD and Mary Nygaard.

(154 N. W. 529.)

**Appeal — dismissed — remittitur transmitted to and filed in lower court — appellate jurisdiction lost — mistake or fraud — recall for review.**

1. Where an appeal has been dismissed, and the remittitur transmitted to and filed in the trial court, the appellate court has lost jurisdiction of the case, and cannot recall the remittitur, or review its decision unless the order was based on fraud or mistake of fact, or the remittitur was sent down through inadvertence or mistake.

**Appeal — reinstatement of — motion for — grounds for — mistake — inadvertence — surprise — excusable neglect — merit in appeal.**

2. Upon a motion to reinstate an appeal, on the ground that the order of dismissal was entered against the appellant through his mistake, inadvertence, surprise, or excusable neglect, appellant must show apparent merit in the appeal.

Opinion filed October 11, 1915.

Appeal from District Court of Pierce County.   *Burr,* J.   Motion to reinstate appeal.

Denied.

*R. E. Wenzel* for motion.

*D. J. O'Connell, contra.*

CHRISTIANSON, J.   On February 27, 1915, an order was entered by this court, pursuant to notice and after hearing, upon respondent's motion for a dismissal of the appeal for want of prosecution, whereby it was "ordered that said motion to dismiss the appeal herein be and the same is hereby granted, unless counsel for the appellant shall cause the record on appeal to be filed in the office of the clerk of this court on or before April 15, 1915, and unless there shall be paid by the appellant herein to counsel for the respondent the sum of $10, as and for terms and costs incurred; failing to pay said terms and file the record on appeal within the time indicated above, an order will be entered dismissing the appeal."   Subsequently, pursuant to stipulation between counsel for the respective parties, the time in which to

comply with this order was extended until July 1, 1915. The record not being filed, the final order of dismissal was entered on July 3, 1915, and the remittitur transmitted to and subsequently filed in the district court. About August 5, 1915, upon appellants' application, an order to show cause was issued requiring the respondent to show cause why the appeal should not be reinstated: Upon the hearing of such order the following facts are conceded: The appeal in this case was taken from a judgment in an action of foreclosure wherein all the issues were fully litigated and tried to the court. No statement of case has been proposed, served, or settled, nor has a transcript of the proceedings had in the court below been procured. Appellants' present counsel concedes that no error appears on the judgment roll, and that unless the statement of case discloses error, there will be no merit in the appeal. He also concedes that he does not know whether any error was committed in the trial of the cause in the court below. He states that it will be necessary for him to obtain a transcript of the proceedings and examine the same for the purpose of determining whether any error was committed.

This is not a case wherein the remittitur was issued and transmitted inadvertently or by mistake, but it was issued and transmitted in accordance with an order entered by this court pursuant to notice and after hearing. In such case a remittitur will not be recalled and the appeal reinstated. The Encyclopædia of Pleading & Practice, vol. 2, p. 359, states the law on this subject to be as follows: "Where an order of dismissal acts as a statutory judgment of affirmance, the appellate court loses jurisdiction to set it aside and reinstate the case after a remittitur has been regularly issued and filed, unless the order was based on fraud or mistake of fact, where it may be set aside at any time."

And speaking on the same subject, in State v. Sund, 25 N. D. 59, 62, 140 N. W. 716, this court said: "There must be an end to litigating a question, at some point of time; and if this court was at liberty to review and re-review and review again its decisions in the same cause in which they were made, our time could be fully occupied in the reconsideration of questions supposed to have been long since settled, without taking up new litigation. This question has been passed upon by other courts. We call attention to a few of the authorities. Leese v. Clark,

20 Cal. 387, in which, in an opinion written by Chief Justice Field, this question was discussed at length, and it was held that the court cannot recall a case and reverse its decision after the remittitur is issued; that it has determined the principles of law which shall govern, and having thus determined, its jurisdiction in that respect is gone. And the court said: 'The supreme court has no appellate jurisdiction over its own judgments; it cannot review or modify them after the case has once passed, by the issuance of the remittitur, from its control.' 'The court cannot recall the case and reverse its decision after the remittitur is issued.'

We are also satisfied that even though this court had jurisdiction to reinstate the appeal, the showing made by appellant is insufficient to justify us in so doing. In order to justify the reinstatement of an appeal on the ground that the order of dismissal was entered against appellant through his mistake, inadvertence, surprise, or excusable neglect, appellant must show apparent merit in his appeal. In this case no such showing is made. We quote with approval the following language used by the supreme court of Idaho, in disposing of a similar question in the case of Jacobs v. Shenon, 4 Idaho, 341, 39 Pac. 193: "There should also be an affidavit or some showing of merits in the appeal. In Hagar v. Mead, 25 Cal. 599, the court says that, on motion to reinstate cause once dismissed by reason of laches in filing of transcript under the rules, the affidavits should show that in the opinion of counsel, at least, there are substantial errors in the record, which ought to be corrected by this court. In the case at bar no effort is made to show that there is any apparent error in the trial or hearing of the cause in the court below. We think, in order to reinstate an appeal once dismissed, the appellant should show such a condition of the record as would indicate that there was apparent error in the proceedings of the lower court. No effort is made to do so." See also 3 Cyc. 203.

The motion to reinstate the appeal is denied.