## IN RE WILL OF SATRANG.

### MOE, et al., Appellants, v. GOODROAD, Respondent.

### (186 N. W. 967.)

(File No. 4937. Opinion filed March 4, 1922.)

**1. Supreme Court—Jurisdiction of, As Ended On Transmission of Remittitur, When Proposition Applies.**

Established law of this jurisdiction is, that when Supreme Court, in absence of fraud perpetrated on Court, and of accident, mistake or inadvertence on part of Court, renders a judgment or makes a decision, and remits same to court from which appeal was taken, Supreme Court loses jurisdiction over the cause.

**2. Jurisdiction—Supreme Court—Appeal Dismissed in Absence of Fraud, Etc., Remittitur Sent Down, Right of Court to Reinvest Itself With Jurisdiction By Vacating Judgment—Whether Sec. 2378 Applicable—Application To Reinstate Appeal Denied.**

While Supreme Court could, upon application of appellant after dismissal of appeal but before remittitur had been sent down, set aside an order of dismissal of appeal, upon showing under Sec. 2387, Code 1919, providing among other things for relief from an order, etc., taken against him through his mistake, etc., and grant the proper relief, yet said Court as an appellate tribunal can not, after it has functioned as such, and, in absence of fraud upon the Court or of mistake, accident, or inadvertence on part of Court, had rendered its order or judgment and remitted cause to court from which it came, vacate such order or judgment and, by so doing, re-invest itself with jurisdiction; that only under express statutory provisions can this Court acquire appellate jurisdiction. So **held**, in a cause involving a will contest appealed from county to circuit court, thence to Supreme Court. Order to show cause why order of dismissal of appeal should be vacated, and permitting appellant to file brief, dismissed.

Original proceeding, in the Matter of the Last Will and Testament of Caroline Satrang, Deceased; Jennie Moe, Belle Hunter, and Timothy Satrang, Contestants and Appellants, Ellen Goodroad, Defendant and Respondent. After appeal to Supreme Court, that Court by order dismissed the appeal as having been abandoned, remittitur having been transmitted to Circuit Court. Thereafter appellants sought, upon order to show cause, vacation of the order dismissing appeal. Order to show cause dismissed.

*Caldwell & Caldwell*, for Appellants.

*Boyce, Warren & Fairbank*, for Respondent.

(1) To point one of the opinion, Appellant cited: In Re Seydel's Estate, 14 S. D. 115; 4 C. J. pp. 608-612; Baldwin v. O'Laughlin (Minn.) 9 N. W. 79.

Respondent cited: Wallace v. Stutsman County, 6 Dak. 1; Hilmen v. Nygaard, 31 N. D. 419, 154 N. W. 529, Ann. Cas. 1917-A, 282, 284; Leese v. Clark, 20 Cal. 38; 11 Ann. Cas. 857, note p. 865.

WHITING, J. Appellants perfected an appeal herein on the 6th day of June, 1921. It coming to the attention of this court that the record upon such appeal had been settled on the 23d day of March, 1921, and that no brief had been filed or further proceedings taken, thus rendering the appellants in default, this court, on the 9th day of August, 1921, found that such appeal had been abandoned, and dismissed same. Remittitur was transmitted to the trial court on the 30th day of August, 1921. February 1, 1922, appellants procured an order to show cause why this court should not vacate its order of dismissal, and permit appellants to file briefs on appeal. It is upon the return of such order to show cause that this cause is now before us.

[1] It is the established law of this jurisdiction that, when this court, in the absence of fraud perpetrated on the court, and of accident, mistake, or inadvertence on the part of the court, renders a judgment or makes a decision, and remits such judgment or decision to the court from which the appeal was taken, this court loses jurisdiction over said cause. Wallace v. Stutsman County, 6 Dak. 1, 50 N. W. 832; Dempsey v. Billinghurst, 8 S. D. 86, 65 N. W. 427. See, also, Hilmen v. Nygaard, 31 N. D. 419, 154 N. W. 529, Ann. Cas. 1917-A, 282; State v. Sund, 25 N. D. 59, 140 N. W. 716; Leese v. Clark, 20 Cal. 388; Thomas v. Thomas, 27 Okl. 784, 109 Pac. 825, 113 Pac. 1058, 35 L. R. A.

(N. S.) 124, 133 Ann. Cas. 1912C, 713; Ott v. Boring, 131 Wis. 472, 110 N. W. 824, 111 N W. 833, 11 Ann. Cas. 857.

[2] However, appellants contend that section 2378, R. C. 1919, is applicable to this court as it is to trial courts, and that therefore this court, like the circuit court, has the authority to vacate its judgment. Appellant cites the opinion in Baldwin v. Rogers, 28 Minn. 68, 9 N. W. 79, in support of such proposition. A reading of such opinion does not advise us as to whether the case had been remitted to the trial court when the motion to reinstate was made. We should have no hesitancy in holding that, if appellant, after the dismissal of the appeal herein but before the cause had been remitted, should have sought an order setting aside the order of dismissal, based upon a proper showing under section 2378, supra, this court might vacate such order of dismissal and grant the relief. The question before us is whether an appellate court, after it has functioned as such, and in the absence of fraud perpetrated upon the court or of mistake, accident, or inadvertence on the part of the court, has rendered its order or judgment and remitted the cause to the court from which it came, can vacate its order or judgment and, by so doing, reinvest itself with jurisdiction. We think the express provisions of statute provide the only method by which this court can acquire appellate jurisdiction.

Could it be possible that a circuit court, after it had remanded to a justice court a cause appealed to such circuit court, could, under said section 2378, vacate its judgment, reinvest itself with jurisdiction, and again function as an appellate court? The answer seems to us obvious; and we have been referred to no cases supporting appellants' contention.

The case now before us illustrates well the evils that might result from any such construction of section 2378. A will contest was brought in county court; from the judgment of that court, appeal was taken to the circuit court; and then, from the judgment of the circuit court, the appeal to this court was taken. The remittitur of this court was transmitted to the circuit court; and then the judgment of that court was transmitted to the county court, wherein the probate proceedings have since continued. Endless confusion and uncertainty with accompanying injury to society would result from placing such a construction upon section 2378 as contended for by appellants.

The order to show cause is dismissed and relief prayed for denied.