MARTIN WEISER v. CITY OF ST. PAUL.[1]

April 18, 1902.

Nos. 12,704—(33).

**Municipal Corporation—Notice of Personal Injury—Vacating Order for Judgment.**

The person injured by falling into an unprotected ravine along a public highway within the limits of the city of St. Paul served notice upon the city council, as provided by Laws 1897, c. 248, pleaded that fact in the complaint, and the service of such notice was admitted in the answer of the city. At the trial plaintiff secured a verdict for damages. Upon a motion by defendant for judgment notwithstanding the verdict, the court granted a new trial upon the question of notice only, and that issue was tried by the court. Findings upon that question having been filed by the court, judgment was ordered for defendant notwithstanding the verdict, upon the ground that the notice was insufficient. This order was filed, and notice served upon the plaintiff, but no judgment in pursuance thereof was ever entered. More than one year thereafter, plaintiff, upon an order to show cause, obtained orders vacating the previous order for judgment, requiring a hearing de novo, and finally denying the motion absolutely. This action of the court was presumably induced by the decision in Nicol v. City of St. Paul, 80 Minn. 415, which had been published in the meantime, and which held the notice admitted by the answer to be sufficient. *Held:* (1) The order for judgment not being appealable, and no judgment having been entered thereon, the court had jurisdiction to vacate or modify it. (2) If it was error to order a new trial on the separate issues of notice, it was error without prejudice. *Held,* also, that the verdict was justified by the evidence.

Action in the district court for Ramsey county to recover $1,200 for personal injuries caused by a defective street. The case was tried before Otis, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott,* for appellant.

*Otto Kueffner,* for respondent.

[1] Reported in 90 N. W. 8.

LEWIS, J.

The charge of negligence against the city is in maintaining a certain street in a dangerous condition, and in permitting a wooden culvert, running into a ravine, to remain constructed so that it appeared to be a continuation of the sidewalk, without putting up suitable fences or obstructions or maintaining suitable lights to warn travelers of danger. The allegation in the complaint as to the service of notice of the injury was that due notice was served upon the city clerk, and by him referred to the common council. This allegation was admitted in the answer, and the cause was submitted, so far as the question of notice was concerned, upon this allegation and admission. A verdict was returned for the plaintiff.

Three days after the return of the verdict, the city, on the minutes of the court, moved in the alternative for a judgment notwithstanding the verdict, or for a new trial. This motion was granted as to the question of notice, and to this end all proceedings, save such as were necessary for the retrial, were stayed until a decision on the question of notice should be rendered. Exceptions were taken by the city to this order. On August 5 following, the question of notice was retried by the court without a jury, and a decision filed therein to the effect that the notice served by the plaintiff was upon the common council, and that no other service was made. Thereupon, on September 8, the plaintiff moved for judgment in his favor on the verdict and findings, and the defendant city moved for judgment in its favor upon the files and records of the court, and on October 10 the court filed a decision ordering judgment for defendant. Judgment was never entered upon this order. On February 25, 1901, the plaintiff obtained an order from the court upon the defendant to show cause why the order for judgment of October 10, 1899, should not be vacated and set aside, and the original motions for judgment by both parties heard and submitted de novo. On March 5, following, the court vacated its previous order for judgment for the defendant city, and directed that the original motions be argued. Thereafter, on March 28, an order was entered denying defendant's motion for judgment, but no disposition seems to have been

made of plaintiff's motion. From the order of March 28 the city appealed to this court, and assigned as error the various orders of the court granting a new trial on the question of notice, vacating its previous order of October 10, 1899, and the final order denying defendant's motion for judgment.

We will assume that the appeal properly presents for review these various rulings and orders. The record shows that, after a new trial was granted upon the question of notice, the court, without a jury, proceeded to trial upon that issue, and received evidence in reference to the nature of notice served. While it was a question of law for the court to determine whether the notice served was sufficient, that question, so far as the facts were concerned, could not be taken from the jury and tried as an independent matter before the court. The defendant was entitled to have all questions of fact passed upon by the jury. Conceding, however, that the course pursued on this occasion was irregular, the error, if any, was without prejudice. Upon the evidence taken, the court held that under the city charter the notice was insufficient, not having been served upon the mayor or the city clerk, and for that reason alone granted defendant's motion for judgment notwithstanding the verdict.

But in July, 1900, this court decided, in the case of Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375, that the charter provisions as to giving notice of personal injury had been repealed by Laws 1897, c. 248, and under this decision the notice admitted by the answer was sufficient. At the time plaintiff obtained the vacation of the order for judgment in favor of defendant nothing had been done to carry that order into effect. The order itself was not appealable, and judgment had not been entered. Although more than a year had elapsed since the order was entered, the court still had jurisdiction of the case, and had authority to vacate or modify its orders. G. S. 1894, § 5267; Beckett v. N. W. Masonic Aid Assn., 67 Minn. 298, 69 N. W. 923. And, having the power to modify the order, the court was authorized to vacate it, and hear the question de novo; and, if, upon such hearing, the court became satisfied that its previous holding was wrong, it was justified in denying the motion entirely; which, in view of the Nicol

case, the court did do. The result was that defendant's motion was considered and passed upon by the court as an original matter upon the verdict and the notice as admitted in the answer, and the previous act of granting a new trial as to notice became immaterial, and was without prejudice to defendant.

We come now to the remaining question, is the verdict justified by the evidence? A certain highway known as "Page Street" had been constructed across a ravine by filling the street to the extent of sixty feet in width, which fill had subsequently been washed out, and the city had refilled the ravine to a width of about twenty-five feet. The city had also constructed a wooden box culvert to carry off the water from the street. This culvert started in the gutter on the northerly side of the street, passed diagonally for a short distance across that remaining part of the street, then followed along the northerly side thereof, but within its limits. This culvert was about two feet wide, and the top was even with the surface of the land through which it ran. In approaching the fill in Page street from the west there was a sidewalk running to a distance of about ninety-five feet from the fill, and from that point in the street on to the culvert there was a traveled pathway, which crossed the culvert at an angle verging slightly to the right, and passing along the street over the fill.

The plaintiff, at about nine o'clock on a dark night, approached the fill from the west, walked on the sidewalk to its termination, and then took the traveled path to the wooden culvert, which he claims to have mistaken for a sidewalk; and, instead of passing to the right and across the fill in the street, he turned to the left, following the culvert, traveling on in the same general direction of the street, until he came to the edge of the fill, where, the culvert turning abruptly, he stepped off, and was precipitated into the ravine some eight or ten feet, receiving the injuries complained of. It appears that the street was graded to the full extent of sixty feet on both sides of the ravine, and that the path, running along one part of the street from the sidewalk on the north, was well worn, and turned towards the roadway over the fill immediately after crossing the culvert. A person going south along this path would approach the culvert at an angle, so that,

if he were to follow it, he would turn slightly to the left; if he kept on directly to the front, he would cross the culvert, and walk into the ravine between the culvert and the fill. As the top of the culvert was even with the ground's surface, it might easily be taken for a narrow sidewalk, unless it was seen where it started from the gutter; and there were no lights to aid pedestrians in discovering its real character. The locality was not familiar to the plaintiff, who was returning to his home from another part of the city, and who was lawfully upon the highway. In our opinion, it was for the jury to decide whether or not the city had maintained the place in a reasonably safe condition, and whether or not the plaintiff had exercised ordinary care and prudence in passing that way. The evidence is sufficient to support the jury's conclusion.

Order affirmed.