## ANNA MACKNICK v. SWITCHMEN'S UNION OF NORTH AMERICA.[1]

December 3, 1915.

Nos. 19,444──(103).

**Judgment — vacating dismissal of action.**

> A judgment of dismissal entered upon stipulation or acquiescence of plaintiff's counsel may be set aside by the court and the cause reinstated for sufficient cause shown. The matter rests largely in the discretion of the trial court. That plaintiff and the court overlooked the fact that a new action would be barred by a contract limitation may furnish sufficient cause.

Action in the district court for Hennepin county to recover $1,200 upon defendant's benefit certificate upon the life of Robert T. Macknick. The case was dismissed and judgment entered in favor of defendant. Plaintiff obtained an order requiring defendant to show cause

[1]Reported in 154 N. W. 1099.

why the order of dismissal and all proceedings subsequent thereto should not be set aside and the action be reset for trial. The application was heard before Leary, J., and granted upon condition. From the order setting aside the judgment and granting a new trial, defendant appealed. Affirmed.

*John Jenswold,* for appellant.

*George B. Leonard* and *M. Rose,* for respondent.

HALLAM, J.

This action was commenced May 10, 1914, to recover on a benefit certificate issued by defendant to plaintiff's son. The son died in November, 1910. The complaint shows that no assessments were paid for about a year before his death, but plaintiff claims defendant waived payment because of a strike. Defendant denies waiver, and further alleges that a by-law of defendant provided that legal proceedings upon benefit certificates shall be barred, unless commenced within six months after final rejection of the claim, and further alleges that the claim was rejected March 23, 1911. The reply was a general denial. The case was called for trial January 4, 1915. Plaintiff's counsel desired the production of certain books of defendant, which, it was discovered, were in Buffalo, New York, and, without making formal application, asked for a continuance to enable him to procure them. This was not granted and the case was dismissed without prejudice to commencement of a new action. Judgment of dismissal was entered. Plaintiff now claims that any new action that he might have brought would have been barred by the six-months limitation above referred to, but that the present action is not so barred. Plaintiff accordingly moved to set aside the dismissal and to reinstate the case for trial. The court granted the motion and defendant appeals.

The record before us of the proceedings in court at the time the case was dismissed shows nothing except the bare fact that the action was "dismissed, order of court." We are advised of what further occurred only by the affidavits of counsel. The affidavit on behalf of defendant is to the effect that the dismissal was voluntary. The affidavit of plaintiff's counsel, while not charging bad faith, alleges that the dismissal was induced in part by the statement of defendant's counsel that a dismis-

sal would not prejudice another action. It may be inferred that the dismissal was with the acquiescence of plaintiff, and that, if the dismissal prejudiced the rights of plaintiff, both court, and counsel for plaintiff, overlooked that fact. We cannot say from the record that the dismissal did not, as plaintiff claims, prejudice her right to litigate her claim.

We have no doubt of the power of the court to set aside a judgment upon the grounds such as are here urged. The power may be found either in the statute, which empowers the court "for good cause shown" to "modify or set aside its judgments, orders or proceedings;" G. S. 1913, § 7786; Gertzen v. Cockrell, 52 Minn. 501, 55 N. W. 58; Beckett v. Northwestern Masonic Aid Assn. 67 Minn. 298, 69 N. W. 923; Weiser v. City of St. Paul, 86 Minn. 26, 90 N. W. 8; or in the statute which provides that the court may, in furtherance of justice, relieve a party from any "omission" or "mischance" (G. S. 1913, § 7746; Baldwin v. Rogers, 28 Minn. 68, 9 N. W. 79); or in the general equity power of the court to annul judgments and set aside stipulations improvidently made or when in equity and good conscience they ought not to stand. Wells v. Penfield, 70 Minn. 66, 72 N. W. 816.

The ground for opening this judgment is that both court and counsel were laboring under a mistake or misapprehension as to the effect of the dismissal, and that such mistake or misapprehension arose from mistake or inadvertence as to the existence of certain facts. The court had power to vacate the judgment if the showing was sufficient therefor.

The showing made was not strong, but the matter was one resting largely in the discretion of the trial court. It is not clear that the court abused its discretion. Judgments of courts should not be opened for trifling causes, nor to relieve a party of his own culpable neglect. At the same time it is desirable that cases should be disposed of on their merits and that parties should have one real day in court. No particular prejudice can result to defendant. This court will be particularly cautious in reversing the action of the trial court in opening a judgment where, as in this case, this court cannot be placed in quite the same position as the trial court because of the fact that no record is made of what occurred at the time the judgment was taken. We are of the opinion that the showing was such that the trial court might find that the dis-

missal was prejudicial to plaintiff and that the conduct of plaintiff and her attorney was excused. The order opening the judgment is affirmed.