## A. C. COX v. GEORGE H. SELOVER.[1]

October 30, 1925.

No. 25,162.

**Certiorari denied to review grant of new trial because verdict not sustained by evidence.**

Writ of certiorari denied to review grant of new trial because of insufficiency of evidence to sustain verdict—G. S. 1923, § 9498, subd. 4, indicates that trial court is within its discretion in setting aside first verdict when it is not supported by evidence—Where no showing by relator of falsity of recitals in order granting new trial that motion was continued by order of court and stipulation of counsel until date of order, immaterial that motion was not heard within 30 days after verdict—Refusal of writ does not prevent application to trial court for order vacating order granting new trial.   [Reporter.]

See Certiorari, 11 C. J. p. 107, § 40; New Trial, 29 Cyc. pp. 1005, 1029.

Plaintiff applied to the supreme court for a writ of certiorari to review an order of the district court for Hennepin county, Salmon, J., granting defendant's motion for a new trial for insufficiency of evidence to support the verdict.   Denied.

*E. E. Eder* and *Thomas B. Mouer,* for relator.

*Selover, Schultz, Mansfield & Bryan,* for respondent.

PER CURIAM.

Application for a writ of certiorari to review an order of the district court granting defendant's motion for a new trial for the reason that the verdict of the jury was not justified by the evidence.

Subdivision 4, § 9498, G. S. 1923, authorizes an appeal from an order granting a new trial when the order is based exclusively on errors occurring at the trial, but an appeal from an order granting a new trial for insufficiency of evidence is allowed only when a

[1]Reported in 205 N. W. 691.

second verdict is set aside on that ground. We think it is wholly within the discretion of the trial court to set aside a first verdict on the ground that it is not supported by the evidence.

But the applicant urges that, although no appeal lies, this court, by writ of certiorari, may compel the trial court to send up the record in order that it may be determined whether the court abused its discretion in granting a new trial. If this be true, not much is left to the discretion of the trial court. If a writ of certiorari may issue in such a case as this, it would serve the same purpose as an appeal and would accomplish indirectly that which cannot be done directly.

A first verdict stands on much the same footing as a verdict and judgment under a former statute, which permitted the defeated party in an action of ejectment to have another trial if he paid the costs of the first. Section 5845, G. S. 1894. So far as we know, the validity of that statute was never questioned, no matter how overwhelming the proof in favor of the successful party.

The motion for a new trial was made on the minutes of the court. Notice of the motion was duly served within 15 days after the rendition of the verdict. Judge Salmon had presided at the trial, but was absent when the motion came up for hearing on July 8, 1925. The motion was on the calendar of causes to be heard on that day. The calendar was called by Judge Waite, and the matter continued until August 11, 1925, and referred to Judge Salmon, who heard the motion on that day. This was more than 30 days after the verdict was returned. On August 29, 1925, an order was entered granting the motion. The order recited that the motion was made returnable on July 8 and was thereafter continued by order of the court and stipulation of counsel until August 11. In his application for the writ, plaintiff does not allege that the recital is not in accordance with the facts.

Section 9326, G. S. 1923, provides that a motion for a new trial made on the minutes of the court must be heard within 30 days after the coming in of the verdict, unless the time be extended by written stipulation of the parties or by the court for cause. Al-

though the motion was heard more than 30 days after the coming in of the verdict, it appears upon the face of the record that the court extended the time of hearing, and in his application plaintiff has not attempted to show that the record is not correct.

For these reasons, the application must be denied.

On November 13, 1925, the following opinion was filed:

PER CURIAM.

In denying the petition for a reargument, we take occasion to say that the refusal to grant the application for a writ of certiorari does not stand in the way of an application to the district court for an order vacating and setting aside the order granting a new trial, for it would be the duty of that court to grant such an application if it be a fact that the motion for a new trial was heard more than 30 days after the coming in of the verdict, without an extension of the time by written stipulation of the parties or by the court for cause. The power of the court to vacate its orders cannot be questioned, Weiser v. City of St. Paul, 86 Minn. 26, 90 N. W. 8; County of Itasca v. Ralph, 144 Minn. 446, 175 N. W. 899, and if the records of the court are incorrect there should be an amendment thereof to conform to the facts.

Petition denied.