## HILDA LILIENTHAL v. THE CAROLINA INSURANCE COMPANY.[1]

September 29, 1933.

No. 29,557.

*Gillette & Meagher,* for appellant.

There was no appearance made or brief filed on behalf of respondent in this court.

[1]Reported in 250 N. W. 73.

*LORING, Justice.*

This is an appeal· from an order setting aside a dismissal.

June 19, 1930, plaintiff's house and household goods were destroyed by fire. Her property was insured with the defendant. She made claim under her policies, and it was rejected. The defendant settled with her mortgagee, and she sought to have her attorney bring suit, which he finally did on June 9, 1932, by serving upon the insurance commissioner. An answer was interposed, but plaintiff was apparently unable to get her attorney to move and engaged another firm of lawyers, who brought suit and at the same time served a notice of dismissal of the former action. The insurance policies sued upon contained a provision that suit must be brought within two years of the loss. Apparently the plaintiff and her attorneys were not aware of this provision in the policies and did not know that plaintiff's rights had been prejudiced by the dismissal of her action which was brought within the period provided for in the policies. Upon the plaintiff's motion, the trial court set aside the dismissal of the first action. From its order this appeal is taken.

As we view the case it is controlled by Macknick v. Switchmen's Union of North America, 131 Minn. 246, 154 N. W. 1099. That was an action upon a benefit certificate upon the life of one Robert T. Macknick. When the case came to trial plaintiff required certain books to prove her case. They were not available, and the dismissal was taken and a new action brought. It was then discovered that the benefit certificate contained a provision that action must be brought within six months after final rejection of the claim. Upon motion to set aside and vacate the dismissal, the trial court ruled in favor of the plaintiff, and upon appeal this court affirmed the order. This court there said that power to do so might be found either in the statute which authorizes the court to modify or set aside its judgments, orders,· or proceedings for good cause shown, or in that which provides that the court may, in the furtherance of justice, relieve a party from any omission or mischance, or, finally, that it may be done under its general equity power to annul judg-

ments and set aside stipulations improvidently made or when in equity or good conscience they ought not to stand. While the showing made in the record before us is not a strong one, we think the court properly exercised its discretion.

The order appealed from is affirmed.