ALICE ORFIELD v. W. B. MORSTAIN.[1]

April 2, 1937.

No. 31,122.

[1]Reported in 272 N. W. 260.

*C. C. Champine* and *R. M. McCareins,* for appellant.
*H. M. Orfield* and *D. J. Orfield,* for respondent.

PETERSON, JUSTICE.

Appeal from an order, and judgment entered thereon, vacating two previous orders of the court below under the mortgage moratorium act of 1935 (L. 1935, c. 47), the first of which was entered January 20, 1936, extending the time within which to redeem from an alleged mortgage foreclosure, and the second of which was entered on February 25, 1936, declaring the mortgagor in default of the terms of the extension order. The first mentioned order was granted upon the allegation of appellee, and the finding, that the mortgage upon her premises had been legally foreclosed. The order of default was based upon the supposed validity of the mortgage moratorium extension order. On May 16, 1936, a motion was made to vacate each of the orders upon the ground that the appellee invoked the action of the court below under the mistaken belief that the mortgage foreclosure proceedings were valid. In fact, the mortgage foreclosure proceedings were absolutely void, under our decision in Sheasgreen Holding Co. v. Dworsky, 181 Minn. 79, 231 N. W. 395, because the mortgagee had failed to file the power of attorney to foreclose the mortgage prior to the mortgage foreclosure sale. Appellee did not discover the mistake until after both of said orders had been made, and thereupon she promptly applied to the court for an order vacating the same. The order and judgment vacating the prior orders was granted upon the ground that the moratorium extension order and the default order based thereon were null and void because there was no mortgage foreclosure pending, and hence there were no mortgage foreclosure proceedings in which to grant the relief given.

It is claimed that the court had no discretion to order the prior order vacated; that the order and judgment appealed from are erroneous, whether or not the mortgage foreclosure was valid, and that the orders in the moratorium proceedings are valid because the court had jurisdiction of both the persons and the subject matter of these proceedings. It is not necessary to consider these questions. The order and judgment appealed from may be sustained as an exercise of the power of the court below in virtue of 2 Mason Minn. St. 1927, § 9283, which provides:

"The court, in its discretion, * * *, may, for good cause shown, modify or set aside its judgments, orders, or proceedings, * * *, or by amendment conform any proceeding to the statute under which it was taken * * *."

It is apparent that court and counsel were mistaken as to the existence of the facts which were requisite to the validity of the mortgage foreclosure. It is necessary to have a valid foreclosure in which to extend the time within which to redeem. An application to vacate an order or judgment upon the ground of mistake is addressed to the sound discretion of the court. In Macknick v. Switchmen's Union, 131 Minn. 246, 154 N. W. 1099, plaintiff caused a judgment of dismissal without prejudice to be taken against himself in an action on an insurance policy, in the mistaken belief that there was no provision in the policy limiting the time within which he could sue, presuming that he could sue at any time within the statutory period of limitation. The court was of the same mistaken opinion when it granted the dismissal. It was then discovered that the policy contained a clause limiting the time within which to sue to six months, and that by reason thereof a second suit, begun after the dismissal, was barred. Plaintiff then applied under the statute for a vacation of the dismissal, which was granted upon the ground of mistake. It was held that the power of the court to grant such relief is not based solely on the statutes, but also on the equity powers of the court to annul judgments or set aside stipulations in cases proper for such relief. In conclusion it was said [131 Minn. 248]:

"The ground for opening this judgment is that both court and counsel were laboring under a mistake or misapprehension as to the effect of the dismissal, and that such mistake or misapprehension arose from mistake or inadvertence as to the existence of certain facts. The court had power to vacate the judgment if the showing was sufficient therefor."

The instant case is governed by the rule of the cited case. To same effect: Lilienthal v. The Carolina Ins. Co. 189 Minn. 520, 250 N. W. 73. Furthermore, such vacation order was proper to conform the mortgage moratorium proceedings to the statute under which they were taken.

Reliance is placed on Tankel v. Union Cent. L. Ins. Co. 196 Minn. 165, 264 N. W. 693, in which it was held that an order under the mortgage moratorium law in a case in which the court took jurisdiction of a valid mortgage foreclosure could not be attacked collaterally. That case is not in point because this is a case of direct, not collateral, attack, authorized by statute. All orders, judgments, and decrees are taken subject to the terms of the statute.

Affirmed.