# IN RE PETITION OF THUNDERBIRD MOTEL CORPORATION FOR REVIEW OF REAL ESTATE TAXES v. COUNTY OF HENNEPIN.

183 N. W. (2d) 569.

January 29, 1971—No. 42461.

*George M. Scott,* County Attorney, and *David E. Mikkelson,* Assistant County Attorney, for appellant.

*Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Hyman Edelman,* and *Irving R. Brand,* for respondent.

OTIS, JUSTICE.

This proceeding has been brought by petitioner taxpayer under Minn. St. c. 278, seeking a review of property taxes due in the year 1969, on the ground the property was unfairly assessed at greater than its full and true value. Because petitioner neglected to pay until December 15, 1969, the second installment due November 1, 1969, the proceedings were automatically dismissed under § 278.03. Thereupon, petitioner sought and secured from

the district court an order vacating the dismissal, from which order the county appeals. We affirm.

■ Were this an ordinary civil action there is little dispute but that the facts would justify the relief granted. The failure to pay the second installment when due was occasioned by a misunderstanding between the taxpayer and its mortgagee, who actually had the funds in hand and was under an obligation to disburse them for that purpose. Upon discovering the oversight, petitioner on December 15 paid the second half of the taxes in full plus the statutory 8-percent penalty, amounting to something in excess of $4,000. Under Rule 60.02, Rules of Civil Procedure, the court had discretion to set aside the dismissal for "mistake, inadvertence, surprise or excusable neglect." The county, however, cites Rule 81.01, which excludes by reference c. 278 in so far as it is inconsistent or in conflict with the rules. For reasons which are more fully set forth below, we find no conflict between Rule 60.02 and Minn. St. 278.03 and therefore hold the rule was properly invoked. This result is consistent with our interpretation of the statute which previously embodied the rule, Minn. St. 1949, § 544.32 (Mason St. 1927, § 9283). We held that statute applicable to tax proceedings in Holmes v. Conter, 209 Minn. 144, 148, 295 N. W. 649, 651.

■ The county argues with some force that Minn. St. 278.03 should be strictly construed to accomplish its purpose in preventing delay in the collection of taxes, citing State v. Elam, 250 Minn. 274, 278, 84 N. W. (2d) 227, 230. In construing c. 278, we said the provisions of the statute "stress the policy of enforcing the prompt collection of taxes and limiting or preventing tax delinquency which at the time of its enactment threatened the stability of local government."

The specific provisions of § 278.03 here for consideration are as follows:

"* * * [I]f the proceedings instituted by the filing of such petition have not been completed before November first, next following the filing of such petition, the petitioner shall pay 50

percent of the remaining unpaid taxes for the current year or 50 percent of the remaining unpaid taxes based upon the probable value of such property, if the value has been found by the court upon application as aforesaid. Failure to make payment of such additional amount shall operate automatically to dismiss the petition and all proceedings thereunder unless such payment is waived by an order of the court upon application as hereinafter provided."

That section of the statute was considered by us in Land O' Lakes Dairy Co. v. County of Douglas, 225 Minn. 535, 31 N. W. (2d) 474, which the county relies on for reversal. There, the taxpayer failed to pay the second installment due November 1, 1946, after initiating proceedings to obtain an adjudication that its property was tax-exempt. The trial court held that the property was not exempt, and the taxpayer appealed. We declined to review the merits and held that the trial court "was without jurisdiction to render any decision in the case after November 1, 1946," because of the taxpayer's failure to pay the November 1 installment. 225 Minn. 537, 31 N. W. (2d) 475.

The Land O' Lakes case is distinguishable for a significant reason. There, the taxpayer neither paid the second half nor intended to do so. Thus, at the time the lower court passed on the merits, the action had by operation of law already been dismissed. In stating that after November 1 "the trial court was without jurisdiction to render any decision in the case," we referred only to the court's power to pass on the merits at a time when the dismissal was still in effect. We did not have before us and made no ruling on the court's right to entertain a motion to vacate the dismissal such as we now have for consideration.

It is significant that § 278.03 not only permits a waiver of the second installment upon timely application, but imposes the sanction of dismissal without specifying whether it is with or without prejudice to obtaining further relief. While we do not doubt the legislature's power to impose strict limitations on the right to review tax assessments, once the proceedings are initiated and

the court has jurisdiction, in the absence of a clear intention to the contrary, we hold that the ordinary rules of civil procedure apply unless clearly inconsistent with the statute.

Our decision is supported by prior cases dealing with statutes of limitation where we have held that an inadvertent dismissal may be vacated if refusal to do so would bar the commencement of a later action because of the running of the statute. Macknick v. Switchmen's Union of North America, 131 Minn. 246, 154 N. W. 1099; Lilienthal v. Carolina Ins. Co. 189 Minn. 520, 250 N. W. 73. We have concluded, therefore, that the trial court retained jurisdiction for purposes of entertaining a motion to vacate the statutory dismissal and that the result it reached was not an abuse of discretion.

Affirmed.

KNUTSON, CHIEF JUSTICE (dissenting).

I respectfully dissent. The case is governed by Land O' Lakes Dairy Co. v. County of Douglas, 225 Minn. 535, 31 N. W. (2d) 474. The tax laws are designed so that each step in the process of payment and collection of taxes must be done within the time specified by law. In the present case the result may be harsh, but to hold otherwise would be to permit one case to destroy our whole plan of tax collection.

PETERSON, JUSTICE (dissenting).

I join in the dissent of Mr. Chief Justice Knutson.