**YOUNG MEN'S CHRISTIAN ASSOCIATION–CAMP OLSON, Relator,**

v.

**COUNTY OF CASS, Respondent.**

No. Cl–86–540.

Supreme Court of Minnesota.

April 10, 1987.

Ralph T. Smith, Thomas T. Smith, Bemidji, for relator.

Michael T. Milligan, Cass Co. Atty., Walker, for respondent.

## OPINION

AMDAHL, Chief Justice.

The Young Men's Christian Association-Camp Olson (YMCA) obtained a writ of certiorari to review a final order of the Tax Court dismissing its petition objecting to real property taxes payable in 1985. We reverse and remand.

The relator is the owner of a camp located in Cass County, Minnesota, operating as a corporate entity YMCA—Camp Olson since 1971. The camp property known as Camp Olson was formally transferred to the entity in 1974 and was given tax-exempt status until 1984. The county assessor levied a real estate tax assessment against the property payable in 1984 in the amount of $5,689.06 and $5,814.70 for taxes payable in the year 1985. There is no dispute that taxes for the years 1984 and 1985 were due on May 15 and October 15 of each year.

On May 10, 1985, the taxpayer filed a petition of objection alleging that its status as a non-profit corporation organized for charitable purposes entitled it to tax-exempt status. It acknowledged that it had not paid taxes due in 1984 because of insufficient funds, but did pay one-half of the 1985 taxes and sought Tax Court permission to determine its claim of tax-exempt status without the 1984 and the second half of 1985 tax payments. No decision was made and, presumably to protect its interests, YMCA tendered payment of 80% of the unpaid 1985 balance by check. Problems relating to banking transactions caused the check's dishonor and subsequent efforts of YMCA to repay were refused because its tender did not include a penalty for late payment.

The county moved the court pursuant to Minn.Stat. § 278.03 (1984) to dismiss the petition due to YMCA's failure to timely pay either the 1984 or second one-half of the 1985 tax levy. The pretrial order of the Tax Court appeared to have authorized reinstatement to allow the matter to proceed to trial, conditioned upon the payment of the remaining 1985 taxes and penalties by November 20, 1985. The taxpayer made the requisite payment and the matter did proceed to trial.

In its final decision, the Tax Court ultimately held that it never acquired jurisdiction to consider the petition relating to the 1984 taxes, reasoning that YMCA failed to satisfy the filing requirements of Minn. Stat. § 278.01 (1984). With regard to the petition relating to the taxes payable in 1985, the court opined that while it had acquired jurisdiction originally upon the timely payment of the first one-half of the taxes, jurisdiction was subsequently lost when the taxpayer failed to pay the second one-half assessment as due on October 15. It concluded that the county's original motion to dismiss the petition should have been granted and did so. The Tax Court never reached the merits of the petition.

 There can be no dispute but that, pursuant to Minn.Stat. § 278.03 (1984),

YMCA's failure to timely pay taxes due properly resulted in an automatic dismissal of its petition. However, the statute authorizes a waiver if, by order, the court permits the petitioner to continue prosecution of the petition without payment. While at the time of final decision, the Tax Court characterized its prior order as one reserving the ruling on the motion to dismiss, such an interpretation is erroneous for it did in fact reinstate the petition, however conditionally, prior to trial. The taxpayer satisfied the condition by making the requisite payment by the date established by the Tax Court and the petition therefore must be deemed to have been reinstated. *See* Minn.Stat. § 278.03 (1984) and Minn.R. Civ.P. 60.02. *See also Thunderbird Motel Corp. v. County of Hennepin*, 289 Minn. 239, 183 N.W.2d 569 (1971).

As a result of the prior reinstatement, the Tax Court retained jurisdiction to decide the petition on its merits and the decision of dismissal is therefore reversed and the matter remanded for disposition on the merits. Such disposition is particularly appropriate because here, the parties have presented all evidence relating to the substantive claim of tax-exempt status and all that remains is the determination on the petition by the court.

Reversed and remanded.

KELLEY, J., took no part in the consideration or decision of this case.