**HUSBY–THOMPSON COMPANY,**
**Petitioner, Relator,**

v.

**COUNTY OF FREEBORN, Respondent.**

**No. C2–88–843.**

Supreme Court of Minnesota.

Feb. 17, 1989.

Michael C. Flom, Minneapolis, for relator.

Paul Morreim, Freeborn County Atty., Albert Lea, for respondent.

SIMONETT, Justice.

The taxpayer's petition challenging valuation of its real estate was "automatically" dismissed for failure to pay timely the second half real estate taxes. The Tax Court denied the taxpayer's motion to reinstate the petition. We reverse the denial.

Husby–Thompson Company, as owner of the Albert Lea Holiday Inn, filed a petition with the Tax Court challenging the assessor's 1986 valuation of the property. The second half of real estate taxes was due October 15, 1987, in the amount of $37,-666.71, but Husby–Thompson did not pay the taxes plus the late penalty until 11 days later, October 26. On November 9 the county attorney prepared and mailed to the Tax Court a notice of automatic dismissal. The order of dismissal was entered on December 1, 1987.

Minn.Stat. § 278.03 (1986) provides: "Failure to make payment of the amount required when due shall operate automatically to dismiss the petition and all proceedings thereunder unless the payment is waived by an order of the court * * *." Husby–Thompson moved the Tax Court to waive the late payment and to reinstate its petition. The taxpayer explained that after payment of the first half of the real estate taxes in May and before the second half was due in October, it had transferred ownership of the property to two individuals, who in turn conveyed it to St. Olaf College, which, in turn, contracted to sell the property to another party. The taxpayer stated it had mistakenly believed the second half taxes would be paid by St. Olaf College.

The Tax Court denied the motion to reinstate the petition, and the taxpayer now brings the matter before us by certiorari.

While the statute is explicit that missing the due date for payment of taxes results in an automatic dismissal of the petition, it is also clear that the legislature, by providing for a waiver, has recognized there may be situations where relief from a dismissal is appropriate. In *Thunderbird Motel Corp. v. County of Hennepin,* 289 Minn. 239, 240, 183 N.W.2d 569, 570 (1971), we held that Minn.R.Civ.P. 60.02, which authorizes a court to set aside a dismissal for "mistake, inadvertence, surprise or excusable neglect," governs dismissals under section 278.03. In applying this rule the court borrows the four-part analysis set out in *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973) (setting aside a default judgment), namely, the party seeking relief (a) has a reasonable claim on the merits, (b) has a reasonable excuse for failing to act timely, (c) has acted with due diligence, and (d) shows no substantial prejudice to the other party.

In this case the Tax Court found that the taxpayer had a reasonably meritorious claim, that the taxpayer had acted with due alacrity to make up the missed payment, and that the county was not prejudiced by the tax payment 11 days late. But, said the Tax Court, relief must be denied because the taxpayer did not have a reasonable excuse for missing the October 15 payment date. The Tax Court noted that Rule 60.02 permits relief where a taxpayer is at fault, but stated, "we do not choose to apply the more liberal discretionary authority contained in Rule 60.02." Neither was the Tax Court persuaded by *Thunderbird.* In that case there had been a "misunderstanding" between the taxpayer and its mortgagee as to who would pay the taxes, and this sufficed, we said, to warrant reinstatement of the dismissal petition. The Tax Court, however, interpreted *Thunderbird* to say the petition was reinstated not because of any misunderstanding or confusion, but because the mortgagee not the taxpayer was at fault. The Tax Court chose to characterize the transaction as the mortgagee's sole fault in not paying the taxes out of escrowed funds provided for that purpose by the taxpayer. By putting this gloss on *Thunderbird* and downplaying Rule 60.02, the Tax Court seems to be sending a message that excusable fault is never grounds for vacating an automatic dismissal.

We agree the discretion exercised to vacate tax dismissals under section 278.03 should be more circumscribed than for other civil actions. We suspect failure to pay timely the second half taxes is not too uncommon, especially since the tax notice is sent only once, early in the year, and people forget. Mere forgetfulness may not be excusable. The law does not say, however, who must pay real estate taxes, only that they must be paid; and in a few cases such as this one, where a set of complicated real estate transactions gives rise to a genuine misunderstanding as to who is paying the second half taxes, it seems to us we have excusable neglect. Because the Tax Court's denial of the motion to reinstate was based on a misconception of the scope of its discretion, the court's order is reversed as an inappropriate exercise of discretion.

It is important, of course, that taxpayer procrastination not hamper tax collections and that tax delinquencies be discouraged. But having said this, we do not think allowing reinstatement of this tax petition will promote the evils sought to be avoided. It is unlikely that reinstatement of this petition will encourage taxpayers to treat October 15 lightly.

REVERSED.

KEITH, J., took no part in the consideration or decision of this case.