MARLOW TIMBERLAND,
LLC, Relator,

v.

COUNTY OF LAKE, Respondent.

No. A11–0138.

Supreme Court of Minnesota.

July 27, 2011.

William M. Burns, Nora C. Sandstad, Hanft Fride, A Professional Association, Duluth, MN, for relator.

Laura M. Auron, Lake County Attorney, Two Harbors, MN, for respondent.

## OPINION

PAGE, Justice.

In early 2008, relator Marlow Timberland, LLC (Marlow Timberland), purchased nearly 40,000 acres of real property located in Lake County, Minnesota, from Potlatch Corporation. Based on its belief that Lake County's property tax assessment of this land was too high, Marlow Timberland filed a tax petition in April 2008 challenging the taxes payable in 2008. Lake County moved to dismiss the 2008 petition because it included noncontiguous parcels from multiple jurisdictions in violation of Minn.Stat. § 278.02 (2010). Marlow Timberland later filed tax petitions challenging the taxes payable in 2009 and 2010, which were subsequently dismissed pursuant to Minn.Stat. § 278.03, subd. 1 (2010), due to Marlow Timberland's failure to pay the taxes due for those years. Marlow Timberland moved to reinstate the 2009 and 2010 petitions based on its contention that the Lake County properties were overassessed and that it was unable to pay the taxes due on the properties. After a telephone hearing on the parties' motions, the Minnesota Tax Court issued an order granting Lake County's motion to dismiss the 2008 petition and denying Marlow Timberland's motion to reinstate the 2009 and 2010 petitions. We reverse the tax court's decision regarding the 2008 petition and affirm the tax court's decision regarding the 2009 and 2010 petitions.

Beginning in 2006 and continuing into early 2008, Roy Marlow, on behalf of Marlow Timberland, negotiated with Potlatch Corporation in an arms-length transaction to purchase nearly 40,000 acres of land owned by Potlatch Corporation, which included 744 separate tax parcels located throughout Lake County. The purchase price for the property was $385 per acre. Marlow Timberland's business plan anticipated that it could carry the costs of the land purchase and real estate taxes of the Lake County property through sales of property and timber. But Marlow Timberland claims that this business plan failed due to the inflated property assessment, the costs of timber fiber harvesting,

and the plummeting value of timber fiber during the current recession.

Lake County assessed the property in dispute, for real estate tax purposes, at an average value of $1,000 per acre. In early 2008, however, Marlow Timberland obtained an appraisal that valued the property at an average of $744 per acre. On April 24, 2008, Marlow Timberland filed a tax petition for the taxes payable in 2008 alleging that the 744 tax parcels, which are located in four townships and two unorganized territories, were overassessed. In compliance with Minn.Stat. § 278.03, subd. 1, the taxes payable in 2008 on the contested parcels were timely paid. On March 29, 2010, Lake County moved to dismiss the 2008 petition because the petition included noncontiguous parcels from multiple jurisdictions in violation of Minn.Stat. § 278.02 (limiting a single petition to parcels located in the same city or town, unless the parcels are contiguous).

On April 29, 2009, Marlow Timberland filed four tax petitions—separated so that each petition listed parcels located in only one of three townships and one unorganized territory—challenging the taxes payable in 2009. On April 16, 2010, Marlow Timberland filed four tax petitions—again separated so that each petition listed parcels located in only one of three townships and· one organized territory—challenging the taxes payable in 2010. Like the 2008 petition, the 2009 and 2010 tax petitions were based on Marlow Timberland's contention that the tax parcels were overassessed. The 2009 and 2010 tax petitions were automatically dismissed pursuant to Minn.Stat. § 278.03, subd. 1, however, because Marlow Timberland failed to pay the second half installment for the taxes payable in 2009 and both installments for the taxes payable in 2010. On September 23, 2010, Marlow Timberland moved to reinstate the 2009 and 2010 tax petitions under Minn. R. Civ. P. 60.02, claiming that "the assessment value of its properties is arbitrary and unreasonable, and [that it] is unable to pay [the 2009 and 2010 property taxes] due to dire financial hardship."

After conducting a telephone hearing on October 12, 2010, the tax court issued an order granting Lake County's motion to dismiss the 2008 petition and denying Marlow Timberland's motion to reinstate the 2009 and 2010 petitions. *Marlow Timberland, LLC v. Cnty. of Lake,* Nos. 38–CV–08–313, 38–CV–09–261 to –264, 38–CV–10–231 to –233, 2010 WL 4868020 (Minn.T.C. Nov. 23, 2010). With regard to the 2008 petition, the tax court stated that Marlow Timberland had cited no authority supporting its position that it should be allowed to proceed with respect to the parcels in one of the townships. *Id.* at *4. With regard to the 2009 and 2010 petitions, the tax court concluded that relief under Minn. R. Civ. P. 60.02 is not available when a taxpayer fails to pay the required tax or request relief before the taxes are due and that even if the rule applied, Marlow Timberland would be unable to show inadvertence, surprise, or excusable neglect as required to qualify for relief under that rule. 2010 WL 4868020, at *2–4.

## I.

 Although Marlow Timberland concedes that its 2008 petition, as filed, did not comply with Minn.Stat. § 278.02, Marlow Timberland argues that the tax court erred by not allowing it to amend the petition pursuant to Minn. R. Civ. P. 15.01. We review tax court decisions to determine whether the tax court lacked subject matter jurisdiction, whether the tax court's decision is supported by evidence in the record, and whether the tax court made an error of law. Minn.Stat. § 271.10, subd. 1 (2010); *Hohmann v. Comm'r of Revenue,*

781 N.W.2d 156, 157 (Minn.2010). "We review the tax court's findings of fact to determine whether sufficient evidence supports those findings." *Schober v. Comm'r of Revenue,* 778 N.W.2d 289, 291 (Minn. 2010); *see also Watlow Winona, Inc. v. Comm'r of Revenue,* 495 N.W.2d 427, 431 (Minn.1993). In determining whether the tax court correctly applied Minnesota law, our review is de novo. *Hohmann,* 781 N.W.2d at 157; *see also McLane Minn., Inc. v. Comm'r of Revenue,* 773 N.W.2d 289, 293 (Minn.2009) ("We review the tax court's conclusions of law and interpretation of statutes de novo.").

■ Minnesota Rule of Civil Procedure 15.01 states, in relevant part:

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise *a party may amend a pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*

(Emphasis added.) We have stated that "[a] party may amend a pleading by leave of [the] court" and that a motion to amend pursuant to Minn. R. Civ. P. 15.01 "should be freely granted, except where to do so would result in prejudice to the other party." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (considering whether trial court erred by not granting party's motion to amend complaint); *accord Voicestream Minneapolis, Inc. v. RPC Props., Inc.,* 743 N.W.2d 267, 272 (Minn.2008) ("Leave to amend [pursuant to Minn. R. Civ. P. 15.01] should be freely granted unless it results in prejudice to the other party.").

■ Although not clearly stated, the essence of Marlow Timberland's argument is that the tax court should have allowed its proposed amendment to the petition because an amendment would not result in any prejudice to Lake County. In denying the amendment, the tax court gave no explanation and made no findings as to why Lake County would be prejudiced by Marlow Timberland's amendment. The tax court simply noted that Marlow Timberland had failed to cite any authority supporting its position that it should be allowed to proceed with respect to one of the townships included in the petition. But Minn. R. Civ. P. 15.01 clearly allows amendment of the petition if "justice so requires." On the record before us, we see no prejudice to Lake County and no reason why justice would not be served by allowing Marlow Timberland to amend its petition as proposed. Therefore, we reverse the tax court's decision rejecting Marlow Timberland's amendment to the 2008 petition.

II.

Next, Marlow Timberland argues that the tax court erred in denying its motion to reinstate the 2009 and 2010 tax petitions. Marlow Timberland's 2009 and 2010 petitions were automatically dismissed because Marlow Timberland failed to pay the second installment of taxes payable in 2009 and any of the taxes payable in 2010 on the contested parcels. *See* Minn.Stat. § 278.03, subd. 1. However, Marlow Timberland contends that the tax court erred because Marlow Timberland qualifies for relief under Minn. R. Civ. P. 60.02, or, in the alternative, because the 2009 and 2010 petitions should be reinstated on an equitable basis. We disagree.

A real property owner who seeks to file a petition seeking to challenge property taxes must follow the framework set forth

in Minn.Stat. § 278.03, subd. 1. The statute requires a petitioner to pay the contested taxes due on the property in order to proceed with a tax petition.[1] Section 278.03, subdivision 1, also provides a means by which a petitioner may proceed without full payment of the tax. Minn. Stat. § 278.03, subd. 1. The statute provides:

> The petitioner, upon ten days' notice to the county attorney and to the county auditor, given at least ten days prior to the 16th day of May or the 16th day of October, or, in the case of class 1b agricultural homestead, class 2a agricultural homestead, and class 2b(2) agricultural nonhomestead property, the 16th day of November, may apply to the court for permission to continue prosecution of the petition without payment; and, if it is made to appear
>
> (1) that the proposed review is to be taken in good faith;
>
> (2) that there is probable cause to believe that the property may be held exempt from the tax levied or that the tax may be determined to be less than 50 percent of the amount levied; and
>
> (3) that it would work a hardship upon petitioner to pay the taxes due,
>
> the court may permit the petitioner to continue prosecution of the petition without payment, or may fix a lesser amount to be paid as a condition of continuing the prosecution of the petition.

*Id.* But "[f]ailure to make payment of the amount required when due shall operate automatically to dismiss the petition and all proceedings thereunder unless the payment is waived by an order of the court permitting the petitioner to continue prosecution of the petition without payment." *Id.* However, the petition is automatically reinstated if the petitioner is able to make payment of the tax plus interest and penalty within one year of the dismissal. *Id.*

Marlow Timberland argues that although it did not comply with Minn.Stat. § 278.03, subd. 1, the tax court should have reinstated its 2009 and 2010 petitions pursuant to Minn. R. Civ. P. 60.02. Rule 60.02 provides that a "court may relieve a party ... from a final judgment ..., order, or proceeding and may order a new trial or grant such other relief as may be just for ... (a) Mistake, inadvertence, surprise, or excusable neglect." Marlow Timberland points out that both this court and the tax court have held that a tax petitioner may be afforded relief under this rule. *See, e.g., Husby–Thompson Co. v. Cnty. of Freeborn*, 435 N.W.2d 814, 815–16 (Minn. 1989); *Thunderbird Motel Corp. v. Cnty. of Hennepin*, 289 Minn. 239, 240, 183 N.W.2d 569, 570 (1971); *Bloomington Hotel Investors v. Cnty. of Hennepin*, No. TC–8428, 1990 WL 166931, at *2 (Minn. T.C. Oct. 25, 1990). In particular, we have

---

1. Specifically, the statute provides:

 In the case of real property, if the proceedings instituted by the filing of the petition have not been completed before the 16th day of May next following the filing, the petitioner shall pay to the county treasurer 50 percent of the tax levied for such year against the property involved, unless permission to continue prosecution of the petition without such payment is obtained as herein provided. If the proceedings instituted by the filing of the petition have not been completed by the next October 16, or, in the case of class 1b agricultural homestead, class 2a agricultural homestead, and class 2b(2) agricultural nonhomestead property, November 16, the petitioner shall pay to the county treasurer 50 percent of the unpaid balance of the taxes levied for the year against the property involved if the unpaid balance is $2,000 or less and 80 percent of the unpaid balance if the unpaid balance is over $2,000, unless permission to continue prosecution of the petition without payment is obtained as herein provided. Minn.Stat. § 278.03, subd. 1.

stated that a tax petitioner seeking relief under Minn. R. Civ. P. 60.02 must meet the four-part analysis set out in *Kosloski v. Jones*, 295 Minn. 177, 179–80, 203 N.W.2d 401, 403 (1973). *See Husby–Thompson Co.*, 435 N.W.2d at 815. Under this analysis, a party seeking relief must (1) have a reasonable claim on the merits, (2) have a reasonable excuse for failing to act timely, (3) have acted with due diligence, and (4) have shown no substantial prejudice to the other party. *Id.* Here, Marlow Timberland argues that Minn. R. Civ. P. 60.02 applies because its "dire financial hardship" constitutes a reasonable excuse for not having complied with Minn.Stat. § 278.03, subd. 1, in a timely manner. Marlow Timberland further asserts that it is able to satisfy the *Kosloski* four-part analysis, and therefore the tax court should have granted relief under Minn. R. Civ. P. 60.02. Lake County responds that because Minn.Stat. § 278.03, subd. 1, was amended to provide for automatic reinstatement, relief under Minn. R. Civ. P. 60.02 is no longer available. *See* Act of May 6, 1989, ch. 324, § 25, 1989 Minn. Laws 2168, 2179–80 (codified as amended at Minn.Stat. § 278.03 (2010)).

■ We have not had occasion to decide whether Minn. R. Civ. P. 60.02 is still available for purposes of allowing the reinstatement of a tax petition dismissed for failure to pay the required taxes after the amendments to Minn.Stat. § 278.03, subd. 1. Because Marlow Timberland cannot show that it has a reasonable excuse for failing to pay the taxes in a timely manner, we need not answer that question here. Marlow Timberland argues that it has a reasonable excuse because it purchased the property with the intent of paying property taxes through sales of property and timber, but that plan failed when "the recent recession ... caused the costs of timber harvesting to skyrocket while the value of timber fiber ... dwindled," resulting in insufficient timber sales to be able to pay the required taxes. In essence, Marlow Timberland's argument is that the failure of its business plan constitutes a reasonable excuse for failing to pay the taxes as required by section 278.03, subdivision 1. We have never held that a failed business plan provides a reasonable excuse for failing to comply with section 278.03, subdivision 1, and we decline to do so here. To hold as Marlow Timberland asks would subject the taxpayer's obligation to pay the taxes at the time the petition is filed to the vagaries of the taxpayer's business acumen and judgment. That in itself is unreasonable. Accordingly, we conclude that Marlow Timberland could not qualify for relief under Minn. R. Civ. P. 60.02 even if it were still available.

■ In the alternative, Marlow Timberland argues that the 2009 and 2010 petitions should be reinstated on an equitable basis. We have stated that "a taxpayer may not maintain a suit in equity to enjoin the collection of a tax or an assessment when he has an adequate remedy at law available to contest the proceeding or the collection of the tax or the assessment." *Rosso v. Vill. of Brooklyn Ctr.*, 214 Minn. 364, 368, 8 N.W.2d 219, 221 (1943). Here, it is enough to say that Minn.Stat. § 278.03, subd. 1, provides an adequate remedy at law. Therefore, Marlow Timberland's equitable argument fails.

Reversed in part, affirmed in part, and remanded.