THATCHER BLAKE, Appellant, vs. JOHN McKUSICK, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

A mortgagee, or some one acting for him, procured a foreclosure of his mortgage, by advertisement, purchased the land in his name, had all the affidavits made out and recorded; he went into possession, rented a portion of the lands, and received rents therefor. Time for redemption expired, and no redemption was made. He then discovered that some irregularity took place in the foreclosure proceedings, and claims that the person who foreclosed the mortgage and purchased the land for him, had no authority to do so, and seeks to set aside the foreclosure, and have a re-sale under a decree of the Court. The Defendant, in his answer, waives all irregularities in the foreclosure proceeding, and tenders a release of all his interest in the land. *Held*, that the mortgagee by his acts, ratified the acts of his attorney in purchasing the land for him, even if he had no authority to make the foreclosure; and the Defendant having filed a release of all interest in the land, the Court properly dismissed the complaint, as no one save the mortgagor, and those claiming under him could complain of the irregularity.

Points and authorities of Appellant.

I. The facts stated in Defendant's answer do not show a foreclosure of the mortgage under the power of sale, but in connection with the allegations admitted by the answer, do show a void sale. And the fact that the Plaintiff, mortgagee, took possession of the premises attempted to be sold under a void sale, does not cure or make valid the atttempted fore closure. *7 John. Rep.*, 217, 195; *4 Denio*, 104, 91, 41; *2d Cowan*, 195; *7 Hill*, 431.

II. The reply of the Plaintiff shows that the act of taking possession of the mortgaged premises was not intended as a common law foreclosure, but was simply an act of the Plaintiff under an attempted foreclosure done without any knowl edge of the facts. *Lowell vs. North & Carl.*, 4th *Minnesota*, 32; *Pace vs. Chatterdon, do.*, 499, *and cases there cited*; *also 7 John. Rep.*, 217; *Miller vs. Hall*, 4 *Denio*, 104, 91; *2d Cowan* 195; *7 John.*, 195; 4 *Denio*, 41.

Points and Authorities of Respondents.

I.—A party coming into a court of equity is bound to show that his title to relief is unmixed with any gross misconduct or negligence of himself or his agents. *Story's Eq. Jurisp. vol.* 1, *sec.* 105, *and cases there cited*.

II.—The provisions of the statute concerning notices of sale, adjournment, &c., are intended for the benefit of the mortgagor, and to guard against abuse by the mortgagee; and if any irregularity in these respects occurs, it can be taken ad vantage of only by the mortgagor or those claiming under him. *Lowell vs. North Carll*, 4 *Minn.*, 32.

III.—The Plaintiff's agent, Fullerton, having been, as is admitted by the pleadings, authorized to represent the Plaintiff in foreclosing the mortgage, was authorized to do every thing which is usual in such cases. And the adjournment of a sale is a usual and proper proceeding.

An agent's authority is to be construed so as to include all necessary or usual means of executing it with effect. *Dunlap's Pal. Agency, p.* 189.

IV.—The act of taking possession by the Plaintiff was a full ratification of the acts of his agent in bidding off the premises at the sale, and in that view the original authority becomes immaterial.

And taking possession of a portion of the premises was as ·complete a ratification as taking possession of the whole. *Dunlap's Pal. Agency*, p. 172.

V.—The power of sale was exhausted, and the premises bid off by the Plaintiff's agent, and if any irregularity occurred it was cured by the subsequent acts of the parties, viz., the surrender by the mortgagors and the entry by the purchaser into the possession of the mortgaged premises.

VI.—The Plaintiff is not entitled to relief at the hands of the Court, because he is in full possession of the mortgaged premises, and has been so for nearly two years, and because neither the Defendants nor any one claiming under them, can disturb his possession.

A mortgagor cannot, after forfeiture, maintain an action against a mortgagee, lawfully in possession, for the recovery of the mortgaged premises. *Pace vs. Chadderdon*, 4 *Minn.*, 499, *and cases there cited*; *Hilliard on Real Property*, vol. 1, p. 471; *Baldwin vs. Allison*, 4 *Minn.*, p. 30; *Lowell vs. North & Carll*, 4 *Minn.*, p. 40.

VII.—The facts set up as the second defence in the answer show a common law foreclosure and entry by the mortgagee into the mortgaged premises after condition broken, and the Plaintiff having taken that course is precluded from asking for the relief sought.

Where the entry is after condition broken, it will be presumed to be for the purpose of foreclosure. *Hunt vs. Stiles*, 10 *N. H.*, p. 646; 2 *Mass.*, 493; 3 *Mass.*, 138; 12 *Mass.*, 514; 13 *Mass.*, 509; 5 *Shepley*, 423.

And though no regular foreclosure is proved, yet the mortgagee being in possession, cannot be dispossessed. 20 *Johns.*, 51; 10 *ib.*, 480; *and other cases cited in* 4 *Minn.*, p. 508.

L. E. Thompson, Counsel for Appellant.

Wm. M. McCluer and H. R. Murdock, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.—It appears from the pleadings in this case that the Defendant gave the Plaintiff a mortgage on lands in Washington county, to secure a debt. That the Plaintiff, or some one acting for him, procured a foreclosure of the mortgage to be made by advertisement in a newspaper, and at the sale purchased the land in the name of the Plaintiff, had all the affidavits made out and recorded, and put the Plaintiff into possession of the land. That the Plaintiff has rented portions of the same and received the rents therefor. The sale took place on the 20th day of November, 1860. The time for redemption expired without the land being redeemed. The Plaintiff has discovered that some irregularity took place in an adjournment that was made on the first day that was set for the sale, and that the person who foreclosed the mortgage and purchased the land for him, had no authority to do so. He now seeks to set aside the foreclosure and sale on these grounds, and have a re-sale, under a decree of the District Court. The Defendant claims that the Plaintiff has by his acts ratified the proceedings of the party who assumed to act for him, and alleges that the land was worth, at the time of the sale, all it was bid in for, but would not now bring more than half that amount. He waives all irregularities in the proceedings of foreclosure, and tenders a release and quit claim of all his interest in the land.

We think there is very little doubt that the Plaintiff's acts in taking possession of the land and renting it out to tenants, is a complete ratification of the act of his attorney in purchasing it in for him, even if he had no authority in the first instance. If he discovered any defect in the foreclosure which would endanger his title, he had the undoubted right to seek the aid of the Court to have it corrected, by either ordering a re-sale, or making the Defendant waive the error on the record. The Plaintiff has no one to fear except the Defendant and those claiming under him ; strangers cannot interfere and raise such questions. *Baldwin vs. Allison*, 4 *M. R.*, 25; *Wilson vs. Troup*, 2 *Cow.*, 238-9. The Court was right in dismissing the complaint upon the Defendant's filing a release of his interest. This was all that the Plaintiff could, in rea-

son, ask. The Courts wil not tolerate anything that savors of speculating upon errors of a party's own commission.

. The order for judgment on the pleadings is affirmed.