## STATE ex rel. A. D. EVANS v. DISTRICT COURT OF HENNEPIN COUNTY and Another.[1]

June 14, 1912.

Nos. 17,503—(15).

**Injunction — court without jurisdiction — contempt.**

> An injunctional order made by the juvenile court of Minneapolis, forbidding the marriage of a girl of the age of fifteen years, to which marriage her parents consented in writing, *held* without jurisdiction, and that a disobedience thereof was not punishable as a contempt of court.

**Same.**

> Though the girl was under charge of delinquency before the court under the provisions of chapter 285, p. 418, Laws 1905, the order was not justified under that statute, since at the time it was made no adjudication of delinquency had been made, and the girl was at liberty on bail, and not subject to the orders of the court.

Writ of certiorari to review the judgment of the district court for Hennepin county, Waite J., convicting relator of contempt of court. The facts are stated in the opinion. Reversed and relator discharged.

*E. F. Hilton*, for relator.

*Lyndon A. Smith*, Attorney General, *James Robertson*, County Attorney, and *Erland Lind*, Assistant County Attorney, for respondents.

BROWN, J.

Certiorari to review the judgment convicting relator of contempt of court. The facts are as follows:

On November 6, 1911, one Kate Peterson was brought before the juvenile court of the city of Minneapolis, charged with being a delinquent child. Such proceedings were then had that the alleged delinquent was admitted to bail in the sum of $100, which amount

[1] Reported in 136 N. W. 746.

was deposited as security for her further appearance before the court at a subsequent date, and she was released and discharged from custody.

On the same day one Andrew Colian was indicted by the grand jury of Hennepin county, charged with criminally abusing the delinquent, who was of the age of fifteen years. Relator herein was retained as counsel for Colian, and appeared for him at the time of his arraignment and at the trial of the indictment against him. Relator was also retained as counsel for the alleged delinquent, and appeared before the court as her counsel. Colian was arraigned, and interposed a plea of not guilty on the seventh of November, the trial was set for November 13, and he was admitted to bail and set at liberty.

The matter of the charge of delinquency came before the court on the eighth of November, the alleged delinquent and other persons being present, and relator then moved the court to dismiss the proceedings, on the ground that the alleged delinquent and Colian desired to marry each other, and the written consent of the parents of the girl was presented. The court denied the motion to dismiss, and then entered an order in the presence of relator, the delinquent girl, and her father, who were all present in court, that no marriage take place between the parties until the further hearing upon the merits of the charge of delinquency, forbidding the father to consent thereto, and forbidding relator from aiding or abetting the marriage in any manner. The parties then left the court to await further proceedings on the thirteenth. Soon thereafter relator returned to the delinquent girl's father the written consent to the marriage, and on the ninth of November Colian and the delinquent, possessed with the written consent of the parents, proceeded to the city of St. Paul, where they were duly married. On November 14, after a jury had been partly selected to try the indictment against Colian, he withdrew his plea of not guilty and interposed a plea of guilty, and was subsequently sentenced to the state reformatory. The charge of delinquency was brought to trial, and was concluded on the fourteenth of November, with a verdict of guilty. The girl was then committed to the custody of the Florence Crittenden Home until the further

order of the court. On the following day that order was rescinded, and the girl committed to the care and custody of her father.

Subsequent to the marriage of the parties the court, upon affidavit of an assistant county attorney, stating and alleging a violation of the injunctional order made by the court prohibiting the marriage, issued an order to relator, directing him to show cause why he should not be punished for contempt of court. Upon a hearing upon this order, relator was adjudged guilty of contempt, and sentenced to pay a fine of $50.

We come directly to the principal question presented, passing without discussion or consideration several points of minor importance. The question is: Did the court below have jurisdiction to make the injunctional order forbidding the marriage of the parties? If not, the whole basis for the contempt proceedings falls, and relator should be discharged. Our consideration of the question leads to the conclusion that the court below was without jurisdiction to make the order.

Under our statutes a female of the age of fifteen years is legally capable of entering into the marriage relation, but if under the age of eighteen no valid contract of marriage can be entered into without the written consent of her parents or guardian. Section 3559, R. L. 1905, and chapter 92, p. 83, Laws 1909 [R. L. Supp. 1909, §§ 4927, 4930]. In this case the girl in question was fifteen years of age, and therefore legally capable of entering into the marriage, and her parents consented in writing to the contract. Of these facts the court was informed when the injunctional order was made, and unless there be some law under which the court was authorized to suspend for the time being the right conferred by the statutes recited, it seems clear that the court acted without jurisdiction.

To sustain the action of the court, reference is made to the provisions of chapter 285, p. 418, Laws 1905 [R. L. Supp. 1909, §§ 3621 —1 to 3621—14] and subsequent amendments, vesting in the court jurisdiction in the matter of incorrigible and neglected children, and authorizing the court to hear and determine all matters in reference

to them, and to make such orders in the premises as the interests of the child and the public welfare may seem necessary. We would not minimize the power and authority of the court as intended to be conferred by this statute. It is a matter of common knowledge that there are in our large cities many wayward, incorrigible, and neglected children, and that their welfare, as well as the welfare of the general public, require and demand that they be humanely cared for, guided into paths of rectitude and right living, and protected from contamination by association with the lower elements of society. The creation of the juvenile court, with jurisdiction in this respect, is a wise enactment, and the functions and authority thus conferred should not lightly be curtailed or limited by technical rules of construction.

Yet in the case at bar we are unable, on the facts presented, to sustain the contention that the injunctional order here under review was authorized by this statute. At the time the order was made the alleged delinquent girl was not subject to the order or within the control of the court. She was simply under charge of delinquency, no adjudication had been made against her, she was at liberty under bail, and under no obligation to the court save to respect and obey the order for her appearance at the time set forth for the trial. She had previously been admitted to bail and discharged from custody, and her freedom of action was beyond the supervisory control of the court. She was legally competent, with the consent of her parents, to enter into a contract of marriage. The law vested her with this right, and the court could not, having discharged her from its immediate control, deprive her of that right.

What the situation would have been, had the court, instead of admitting her to bail and discharging her from custody, committed her to the care and keeping of some officer of the court, we need not consider or determine. That course was not pursued. She was set at liberty, and her future conduct, within the law, was clearly beyond the control of the court.

It follows that the injunctional order was without jurisdiction, and furnished no basis for the contempt proceedings against relator. It is well settled that the disobedience of a void order of the court is

not a contempt for which punishment may be imposed. McHenry v. State, 91 Miss. 562, 44 South. 831, 16 L.R.A.(N.S.) 1062, and cases cited in the note.

The judgment of conviction is therefore reversed, and relator discharged.