LAND O' LAKES DAIRY COMPANY v. COUNTY OF DOUGLAS (P. L. HINTZEN, AUDITOR) AND ANOTHER. CITY OF ALEXANDRIA, INTERVENER.[1]

March 12, 1948.

No. 34,516.

*Doherty, Rumble, Butler & Mitchell* and *Harold Jordan,* for appellant.

*K. L. Wallace,* County Attorney, and *R. S. Thornton,* City Attorney of Alexandria, for respondents and intervener.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying petitioner's motion for amended findings and conclusions or a new trial.

Petitioner, Land O' Lakes Dairy Company, is a domestic corporation. On June 1, 1946, it filed a petition, based on M. S. A. c. 278, to have determined its claim that the real estate tax for the year 1945 levied against the property described in the proceedings is illegal. The real estate referred to is located in the city of Alexandria, Douglas county, Minnesota. In its petition, petitioner claimed that it had no interest in the property except its right of possession under a lease and option to purchase from the United States. It contends that by virtue of a certain contract between it and the United States dated April 30, 1943, and an amendment thereto, and by virtue of a certain warranty deed and bill of sale from it to the United States dated September 19, 1945, made pursuant to said contract as amended, the United States is and has been continuously since May 1, 1944, the sole and exclusive owner of the property. On May 1, 1944, the assessor for the district in which the premises are located assessed the property, and upon such assessment there has been levied for the year 1945 a tax of $7,474.96. Immediately prior to the filing of the petition, petitioner paid to the county treasurer of Douglas county one-half the taxes assessed against the property as of May 1, 1945, pursuant to the provisions of M. S. A. 278.03. The matter was heard before the district court on September 12, 1946, but the decision on the petition was not rendered until February 11, 1947. The trial court sustained the tax

in full as levied and declared that the property was not exempt.

It is not necessary for the court here to pass upon the merits of the decision of the trial court, for under the language of M. S. A. 278.03 the court was without jurisdiction to render any decision in the case after November 1, 1946. Section 278.03 provides in part that before filing the petition and as a condition precedent thereto petitioner shall pay to the county treasurer at least 50 percent of the tax levied for such year against the property involved. This was timely done by petitioner. The statute further provides that if the proceedings instituted by the filing of the petition have not been completed before November 1 next following the filing of the petition the petitioner shall pay 50 percent of the remaining unpaid taxes for the current year, or 50 percent of the remaining unpaid taxes based upon the probable value of the property, if the value has been found by the court upon application. This was not done. The statute then provides as follows:

"* * * *Failure to make payment of such additional amount shall operate automatically to dismiss the petition and all proceedings thereunder unless such payment is waived by an order of the court upon application as hereinafter provided.* The petitioner, upon ten days' notice to the county attorney and to the county auditor, given at least ten days prior to November first, may apply to the court for an order waiving the requirement of such additional payment, upon the same grounds as set forth herein, for relief from the requirement to pay the original 50 per cent of such taxes, except that he must show that the tax may be determined to be less than 75 per cent of the amount levied. The county treasurer shall issue duplicate receipts for such additional payment, one of which shall be filed by the petitioner in such proceeding." (Italics supplied.)

As stated, the record discloses that petitioner made no payment of the additional 50 percent of the unpaid tax, as required by statute, nor was any application made for the waiver of this requirement, as permitted in the statute. Neither was there any waiver

of the requirement by order of court. In view of these facts, it appears clearly from the language of the statute that the petition and all proceedings thereunder were automatically dismissed as of November 1, 1946, and the trial court was without jurisdiction to make any decision in the matter after that date, it being undisputed that the decision of the trial court was dated February 11, 1947.

While we ordinarily consider the use of the words "automatic" or "automatically" as pertaining to electrical or mechanical devices, 4 Wd. & Phr. (Perm. ed.) 852, contains the statement that "In common parlance, 'automatic' means self-acting." In 21 C. J. S., Courts, § 92, it is said:

"* * * in general jurisdiction once conferred is taken away only by express negative words or by irresistible implication from the the terms of the statute; * * *."

It would appear that "irresistible implication," from the use of the words "shall operate automatically to dismiss the petition and all proceedings thereunder," would mean that under the facts and circumstances of this case the statute operated to dismiss the petition and all proceedings thereunder as of November 1, 1946, at which time the jurisdiction of the court was terminated.

The rule appears to be well settled that a statute defining and limiting jurisdiction is to be construed as jurisdictional and as limiting the power of the court to act. Ullman v. Lion, 8 Minn. 338 (381), 83 Am. D. 783; Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348; State ex rel. Evans v. District Court, 118 Minn. 170, 136 N. W. 746. In the Ullman case, it was held that where jurisdiction is specially conferred by statute and the court is expressly prohibited from exercising it unless certain conditions have been complied with, its judgment is not valid unless it appears affirmatively that the conditions were complied with. In the Sache case, this court said that proceedings outside the authority of the court or in violation or contravention of statutory prohibitions are void, regardless of

whether or not the court has jurisdiction of the parties and subject matter of the action or proceedings.

The trial court in the instant case was without jurisdiction from and after November 1, 1946, inasmuch as the proceedings were not completed before that date. In view of this holding, the order for judgment of the court made February 11, 1947, must be reversed and remanded with instructions to vacate the same and dismiss the petition.

We cannot agree with the contention of petitioner that the parties voluntarily consented to the jurisdiction of the court by appearing on March 8, 1947, in connection with petitioner's motion for amended findings, conclusions, and order for judgment, or, in the alternative, for a new trial. Under our holding here, the court had no jurisdiction of the matter at the time of that hearing. Jurisdiction of the subject matter cannot be conferred by consent of the parties. 2 Dunnell, Dig. & Supp. § 2346; 1 *Id.* § 476; Huhn v. Foley Bros. Inc. 221 Minn. 279, 22 N. W. (2d) 3; State ex rel. Larson v. Probate Court, 204 Minn. 5, 283 N. W. 545.

Reversed and remanded with instructions to vacate the order for judgment and dismiss the petition.