CHUTICH, Justice.
This case considers whether the tax court lacked jurisdiction to consider a motion filed in a case arising from a tax petition that was automatically dismissed by operation of law. In 2015, Ronald and Dee Johnson ("Johnsons") filed a petition in tax court challenging Hennepin County's ("County") assessment of their 2015 property taxes ("2015 petition"). Over 1 year later, the County notified the tax court that the Johnsons' 2015 petition had been automatically dismissed by operation of law because the Johnsons had not paid a portion of their 2015 property taxes by the date required by law. The Johnsons then sought to bring a motion before the tax court regarding their 2015 petition. The tax court declined to consider the Johnsons' motion, concluding that it lacked jurisdiction to do so because the Johnsons' petition had been automatically dismissed by statute and had not been reinstated. Because we conclude that the tax court did not err, we affirm.
FACTS
On December 4, 2015, the Johnsons filed a petition with the tax court challenging the County's assessment of their real property taxes for the 2015 tax year, payable in 2016. See Minn. Stat. § 278.01, subd. 1(a) (2016) (allowing property owners to file a petition in tax court asserting that a county "partially, unfairly, or unequally assessed [the taxpayer's property] in comparison with other property"). Under section 278.01, subdivision 1(a),[1] the Johnsons' petition challenged the County's January 2, 2015 assessment of $6,856.34. The assessment included ad valorem taxes and special assessments for 2015. In their petition, the Johnsons alleged that the County's assessment (1) estimated a market value that was greater than the property's actual market value; (2) unequally assessed their property when compared with other property; (3) incorrectly classified *891 their property; and (4) was based, in part, on property exempt from taxation.
Over 1 year after the Johnsons filed their petition, on December 8, 2016, the County notified the tax court that the 2015 petition had been automatically dismissed under Minnesota Statutes section 278.03 (2016). Section 278.03, subdivision 1, requires a property owner to pay the assessed taxes while a petition is pending, regardless of the pending and outstanding legal challenge to the assessment. Absent a court order "permitting the petitioner to continue prosecution of the petition without payment," if a property owner fails to pay "the amount required when due," then the petition "and all proceedings thereunder" are "automatically" dismissed. Minn. Stat. § 278.03, subd. 1.
The County maintains that the Johnsons' petition was dismissed by operation of law because the Johnsons failed to pay their second-half tax payment. Section 278.03, subdivision 1, sets forth a timeline for two tax payments that must be paid by a property owner while a petition is pending in court. First, after a property owner files a petition, the property owner has until the following May 16 to pay 50 percent of the tax levied for the assessed year. Minn. Stat. § 278.03, subd. 1. Here, the parties do not dispute that the Johnsons timely paid this first required payment, $3,428.17.
Second, if the petition proceedings have not yet been completed by the following October 16, the property owner must pay a second-half payment for the tax levied-a portion of the "unpaid balance" of the tax levied (50 percent or 80 percent, depending on the amount of the unpaid balance). Id. Here, based on an affidavit of a Real Estate and Tax Specialist for Hennepin County, the tax court found that the Johnsons "did not make the required second-half payment" or any second payment by October 16, 2016. Johnson v. County of Hennepin , No. 27-CV-15-20952, 2017 WL 6813395, at *1 (Minn. T.C. Nov. 28, 2017). In fact, the record shows that after May 2016, the Johnsons did not make any tax payment until they paid $3,244.81 in May 2017, which was the amount due for the first-half payment of their 2016 taxes.
To avoid automatic dismissal by the statute, a property owner "may apply to the court for permission to continue prosecution of the petition without payment" before the required payment is due; section 278.03, subdivision 1, prescribes the method for doing so. Specifically, a property owner must provide the county attorney and county auditor with 10 days' notice, which must be "given at least ten days prior" to the due date for the payment of the tax, that the property owner requests permission to proceed without payment. Minn. Stat. § 278.03, subd. 1. A property owner's application to proceed without payment must show:
(1) that the proposed review is to be taken in good faith;
(2) that there is probable cause to believe that the property may be held exempt from the tax levied or that the tax may be determined to be less than 50 percent of the amount levied; and
(3) that it would work a hardship upon petitioner to pay the taxes due[.]
Id. (emphasis added). Based on this showing, "the court may permit the petitioner to continue prosecution of the petition without payment, or may fix a lesser amount to be paid as a condition of continuing the prosecution of the petition." Id.
Here, the tax court found that the Johnsons did not "petition the court for leave to continue prosecuting the petition without payment, as permitted by Minn. Stat. § 278.03."
*892 Johnson , 2017 WL 6813395, at *1. Because it found that the Johnsons failed to make their second-half payment and did not have permission to continue the proceedings without paying the required tax, the tax court concluded that the Johnsons' petition was automatically dismissed by operation of the statute on October 16, 2016. Id.
Even if a petition is automatically dismissed, a property owner can reinstate the petition by simply paying the "entire tax plus interest and penalty." Minn. Stat. § 278.03, subd. 1. If a property owner pays the "entire tax plus interest and penalty" within 1 year of the statutory dismissal, the petition is "automatically reinstated" by operation of law. Id . The tax court concluded that the Johnsons did not "avail[ ] themselves of this remedy" and "the time for doing so ha[d] lapsed." Johnson , 2017 WL 6813395, at *1.
Instead of reinstating their tax petition by paying the second-half payment of their 2015 property tax within 1 year, the Johnsons notified the tax court that they wanted to file a motion in the case and requested a hearing on the "alleged 'dismissal' " of the petition. The tax court ultimately denied the request to file a motion related to the dismissed petition because it concluded that it lacked jurisdiction and had "no authority to hear and decide a motion in a case that ha[d] been automatically and statutorily dismissed pursuant to Minn. Stat. § 278.03 unless and until the case has been statutorily reinstated."
In response, the Johnsons filed a "Motion for a Hearing to Vacate the Court's 9/26/17 Unconstitutional Order," which the tax court interpreted as a "motion for rehearing." On November 28, 2017, the tax court denied this motion, again concluding that (1) it did not have jurisdiction over the Johnsons' claims because the claims related to the dismissed petition and (2) the Johnsons could no longer have their petition reinstated automatically by statute because 1 year had passed since the automatic dismissal.
The Johnsons then petitioned our court for a writ of certiorari to review the tax court's November 28, 2017 order. See Minn. Stat. § 271.10, subd. 1 (2016) (providing for "review of any final order of the Tax Court ... upon certiorari by the Supreme Court"); see also Minn. R. Civ. App. P. 116 (providing the procedure for securing a writ of certiorari).
ANALYSIS
"Our review of the tax court's decision is limited and deferential." Minn. Energy Res. Corp. v. Comm'r of Revenue , 886 N.W.2d 786, 792 (Minn. 2016). We review tax court decisions to determine whether the tax court lacked subject matter jurisdiction, the tax court's decision is supported by evidence in the record, and the tax court made an error of law. Hohmann v. Comm'r of Revenue , 781 N.W.2d 156, 157 (Minn. 2010). We defer to the tax court's factual findings, reviewing findings of fact only for clear error. See Cont'l Retail, LLC v. County of Hennepin , 801 N.W.2d 395, 398-99 (Minn. 2011). Findings are clearly erroneous if we have a "firm conviction that a mistake has been made." Montgomery Ward & Co. v. County of Hennepin , 482 N.W.2d 785, 788 (Minn. 1992).
The Johnsons challenge the dismissal of their 2015 petition. They ask us to reverse the tax court and hold that section 278.03, subdivision 1, did not operate to dismiss their 2015 petition. Contending that section 278.03, subdivision 1, "could not equitably or legally apply," the Johnsons assert that the tax court clearly erred by failing to consider the evidence when finding that their petition had been automatically dismissed. They make two primary legal arguments: (1) their petition was not *893 automatically dismissed because the requirements of section 278.03, subdivision 1, were not met, and (2) section 278.03, subdivision 1, is unconstitutional. We address each argument in turn.
First, we conclude, after carefully reviewing the record and the plain language of section 278.03, subdivision 1, that the Johnsons' interpretation of that section is without merit.[2] The record shows (1) that the Johnsons' 2015 petition was automatically dismissed by operation of law because the Johnsons failed to comply with the requirements of section 278.03, subdivision 1, either by making the required payment or seeking leave to be excused from the statutory payment requirement, and (2) that their petition has not been reinstated. See Marlow Timberland, LLC v. County of Lake , 800 N.W.2d 637, 640-41 (Minn. 2011) (explaining that parties must follow statutory procedures to preserve a petition under section 278.03 ); Land O'Lakes Dairy Co. v. Hintzen , 225 Minn. 535, 31 N.W.2d 474, 476 (1948) (explaining that "automatically" means "self-acting"). Accordingly, the tax court correctly concluded that it no longer had jurisdiction over the dismissed petition. See Land O'Lakes , 31 N.W.2d at 476 ("[A] statute defining and limiting jurisdiction is to be construed as jurisdictional and as limiting the power of the court to act.").
Second, we conclude that the Johnsons' arguments challenging the constitutionality of section 278.03, subdivision 1, are also without merit. The Johnsons make four constitutional challenges. They argue that (1) a state statute cannot dismiss constitutional claims; (2) section 278.03, subdivision 1, violates their First Amendment rights under the Petition Clause, see U.S. Const. amend. I ; (3) section 278.03, subdivision 1, violates their right to procedural due process, see U.S. Const. amends. V, XIV ; and (4) section 278.03, subdivision 1, violates their right to equal protection, see U.S. Const. amend. XIV ; Minn. Const. art. I, § 2.
Contrary to the Johnsons' first argument, their right to challenge the county's tax assessment by petition under Chapter 278 is a statutory right, and compliance with the tax statutes is essential to preserve that right. See State v. Bies , 258 Minn. 139, 103 N.W.2d 228, 236 (1960) ; see also Marlow Timberland , 800 N.W.2d at 640-41. A petition may therefore be automatically dismissed by operation of a statute even if it includes constitutional claims.
The Johnsons' petition-clause argument is also without merit. "[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes."
*894 Borough of Duryea v. Guarnieri , 564 U.S. 379, 387, 131 S.Ct. 2488, 180 L.Ed.2d 408 (2011). But section 278.01creates , rather than prevents, a cause of action for property owners to file a petition in court. Furthermore, section 278.03 provides the requirements that property owners must follow to preserve the right to challenge an assessed tax. We therefore find no petition-clause violation.
Regarding their procedural-due-process argument, we have previously held that a property owner can be prevented from bringing a petition if a statutory filing deadline is not met. Programmed Land, Inc. v. O'Connor , 633 N.W.2d 517, 529 (Minn. 2001). Similarly, requiring parties to follow statutory requirements to maintain a petition does not violate procedural due process. See id.
Finally, the Johnsons' equal-protection argument is also without merit. "Under an equal protection analysis, we determine whether a statute treats similarly situated individuals differently and, if so, whether the statute survives strict scrutiny, or rational basis review." Schatz v. Interfaith Care Ctr. , 811 N.W.2d 643, 656 (Minn. 2012). But section 278.03, subdivision 1, applies to all property owners and does not treat similarly situated persons differently. Accordingly, we find no constitutional violation.
We conclude, after thoroughly reviewing the record and the tax court's order, that the tax court lacked jurisdiction, and we discern no error of law. Our careful review also shows that the evidence in the record adequately supports the tax court's decision at issue.[3]
CONCLUSION
For the foregoing reasons, we affirm the decision of the tax court.
Affirmed.
THISSEN, J., not having been a member at the time of submission, took no part in the consideration or decision of this case.

Although the Johnsons assert that they also brought a claim under Minnesota Statutes section 278.14 (2016), the record shows that the Johnsons did not submit a claim under section 278.14 to the County before filing their petition in tax court. See Minn. Stat. § 278.14, subds. 2-3 (requiring the taxpayer to submit a claim to the County prior to appealing the County's decision on that claim). Accordingly, the Johnsons did not properly raise a claim under section 278.14. See Thiele v. Stich , 425 N.W.2d 580, 582 (Minn. 1988).

The Johnsons make four arguments for why their petition was not automatically dismissed. First, they claim that the County did not properly give them notice of the statutory dismissal. But because the statutory dismissal is automatic , no notice is required. See Minn. Stat. § 278.03, subd. 1. Second, they maintain that only petitions with ongoing proceedings can be dismissed and no proceedings had yet occurred on their petition. A "proceeding" begins, however, when a taxpayer files a petition. Id. Third, they state that they paid the tax required to maintain their petition. The Johnsons, however, only paid the first, not the second, required payment. Although the County could have applied the money that the Johnsons paid in May 2017 for the first-half payment of their 2016 taxes as the second-half payment of their 2015 taxes, the record shows that applying that payment to their 2015 taxes would not have been sufficient to reinstate their 2015 petition. Finally, they contend that the County could not include special assessments in its determination that they had not paid their full tax payment under section 278.03, subdivision 1. But regardless of whether the tax levied includes a special assessment, the Johnsons failed to make any tax payment until 2017, which was after the petition's dismissal in October 2016.

To the extent that the Johnsons raise other arguments that were beyond the question of the tax court's jurisdiction over this case or that were raised for the first time on appeal, we do not consider those arguments, as the issues are not properly before us on appeal. See Thiele , 425 N.W.2d at 582 (explaining that a reviewing court must generally consider only issues that the record shows have been presented and considered below).